**REGINA PEERY, v. M. L. MERSHON, et al.**

5 So. (2nd) 694                                    Division A

January 20, 1942

Morrow & Mayes, for plaintiff in error.

McKay, Dixon & DeJarnette, for defendants in error.

BUFORD, J.:

Writ of error brings for review judgment for defendant on demurrer sustained to plaintiff's second amended declaration.

The declaration alleged,

### "Count One:

"On to-wit: the 29th day of February A.D. 1940 the defendants M. L. Mershon and Marie Mershon were then and there husband and wife; that plaintiff was in the employ of the defendants as nurse and governess for the children of the defendants; that on the day aforesaid, the defendant M. L. Mershon owned and maintained a certain Oldsmobile sedan automobile, Motor No. .......... Serial No. ..........; that on the day aforesaid, while said automobile was being operated by the defendant Marie Mershon, in an easterly direction on N. E. 56th Street, in the City of Miami, County of Dade, Florida, the plaintiff, while acting

within the scope of her employment, and in the course of her master's business was seated in the rear seat thereof, as she was directed to do by the defendant, Marie Mershon; that while driving and operating said automobile at the time and place aforesaid, the defendant Marie Mershon, wife of the defendant M. L. Mershon, so carelessly and negligently ran and drove and operated said automobile, from an easterly line of travel to a northerly line of travel, so sharply and suddenly around the corner of traffic island in said street, that as a proximate result of the defendant's negligent operation of said automobile aforesaid, the plaintiff was thrown against the lefthand side of the interior of said automobile, and against the back of the front seat thereof, bruising, crushing and mangling plaintiff's left shoulder, bruising and crushing the left side of plaintiff's face, striking the plaintiff's head and causing a loosening of the plaintiff's teeth, and bruising and crushing the left arm of the plaintiff; and that as a direct and proximate result of the defendant's negligence aforesaid, plaintiff has become sick, lame, disordered and disfigured, and so remains to this day; that said injuries so negligently caused are permanent, and that as a proximate result of the defendant's negligence aforesaid, plaintiff has suffered great nervous shock and injury, and has been rendered incapable of performing her business as nurse and governess. Plaintiff further alleges that as a proximate result of the negligence of the defendants aforesaid, that she has been and will in the future be compelled to expend and incur obligations and divers sums of money for medicines and medical services, and other expenses in conjunction with said injury.

"Wherefore, Plaintiff sues the defendants, and claims damages in the sum of Ten Thousand Dollars."

Demurrer was interposed.

Order on demurrer is as follows:

"This cause came on to be heard upon the demurrer of the defendants to plaintiff's second amended declaration and was argued by counsel, and briefs have been submitted by counsel thereon which have been painstakingly considered by the court.

"It is alleged that Marie Mershon, wife of M. L. Mershon, owner of the automobile involved, while operating the same and while one of their employees, plaintiff, was in said automobile, at a point on Northeast 56th Street in Miami, Florida, carelessly and negligently operated the same so that plaintiff, an employee of defendants, was thereby injured as a result of the automobile being suddenly driven around a traffic island in said street.

"It is clear from reading Section 1296 (a) Compiled General Laws of Florida, 1927, 1940 Permanent Supplement, also known as Laws of Florida, 1937, Chapter 18033, that anyone riding in an automobile with another without paying for such transportation and is injured through the negligence of the owner or driver, that before recovery can be had by the injured person, it must be alleged in the declaration and proven at the trial that the driver was guilty of gross negligence, which has been described by the Supreme Court of Florida as follows:

" 'Gross negligence' appears when defendant's conduct shows a reckless disregard for human life, or that entire want of care which would raise the presumption of a conscious indifference to consequences, or shows such wanton and reckless indifference to the

rights of others as may be equivalent to an intentional violation of such rights, and also appears where there is no actual intention to inflict damage or injury.' Jackson v. Edwards, 144 Fla. 187, 197 Sou. 833.

"I construe the statute in question to mean that the responsibility of the injured person to allege and prove gross negligence applies to hitch hikers, a guest riding with the operator on business of the operator, or to an invitee who is ordinarily entitled to recover, on showing that the person bringing about the injury failed to exercise ordinary care. This ruling is sustained completely by the language of Mr. Justice Thomas in the case of Koger v. Hollahan, 144 Fla. 779, 198 Sou. 685, text 687-688, as follows:

" 'The sole purpose of the legislature in passing the Act, as we construe the simple language which they used, was to prevent one who traveled with another in a car as a guest, or without compensation, from recovering unless it was proven that the driver of the car was guilty of the greater degree of negligence. Evidently, they were concerned with the propriety and fairness of the recovery by a free rider, whether invitee or 'hitch-hiker' for ordinary negligence of a driver and sought to confine the recovery of one who traveled without charge to damages caused by negligence that was gross or misconduct that was wanton. When the act is considered as a whole, the predominant feature is the degree of negligence and not the relationship between the driver and the owner. At the time of the passage of the law the decisions of the Court holding that the negligence of the driver could be imputed to the owner who would therefore be liable for ordinary negligence was well known, and it is our conviction that it was the intent of the legis-

lative branch of the government to remedy such a situation which might result in injustice. It would have been quite simple for the legislature to have stated plainly that the owner could not be held responsible for any injury caused by the driver of his car to a guest of the latter, had that been intended.

"It seems to us that if the title and the body of the Act are studied together, the emphasis should be placed on the degree of negligence to be shown to justify recovery, rather than on the capacity of the person who might at the time of the accident be in control of the vehicle. If it were meant, as the defendant in error urges, to relieve the owner when injury resulted from the negligence of one to whom he had entrusted the car, there would be hardly any need to use the expression 'owner or operator.' It could just as easily have been said that there could be no responsibility on the part of the owner for the injury caused a guest of one whom he had allowed to use his automobile. A close study of the statute and the decisions convinces us that the only change wrought by the statute in the rule announced by the Court was to require one who was transported free by the operator to prove a higher degree of negligence than was necessary before the passage of the Act.'

"Plaintiff's declaration fails to allege gross negligence and is, therefore, insufficient.

"Whereupon, It Is Ordered

"1. That the demurrer of the defendants to plaintiff's second amended declaration be, and the same is hereby sustained.

"2. That plaintiff be, and she is hereby allowed ten (10) days from the date hereof within which to

file a third amended declaration not inconsistent with this ruling, in default whereof final judgment on the demurrer will be allowed the defendants."

Judgment was thereafter entered.

The sole question to be determined is whether or not the plaintiff is shown by the allegations of the declaration to have been at the time of the injury a "guest passenger" within the purview of Chapter 18033, Acts of 1937, Sec. 1296(a) C.G.L. Permanent Supplement 1940. It is contended that plaintiff is shown by the allegations supra, to be not a guest but to be a passenger being transported without payment for such transportation and, therefore, cannot recover without alleging and proving gross negligence or wilful and wanton misconduct.

We stated the purpose of the statute, supra, in the case of Koger v. Hollahan, 144 Fla. 779, 198 Sou. 685. See quotation contained in judgment, supra. See also Winthrop v. Carinhas, 142 Fla. 588, 195 Sou. 399; O'Reilly v. Sattler, 141 Fla. 770, 193 Sou. 817; Jackson v. Edwards, 144 Fla. 187, 197 Sou. 833.

In Sections 2291 and 2292 Cyc of Automobile Law and Procedure by Blashfield, Vol. 4, it is said:

"2291. Passengers or Guests.—The term 'passenger' as used in automobile law, signifies some person rightfully taking passage in, without exercising control over the management of, a motor vehicle, as distinguished from the operator or person responsible at the time for its operation. One who, although neither owner nor driver, has complete control of the automobile and its operation on the particular trip and at the particular time when the injury occurs, is not a guest or passenger therein.

"Although in its stricter legal sense, when used in distinction to the term 'guest,' 'passenger' presupposes some contractual basis and imports a pecuniary benefit to the operator, in its commoner and more general signification, the status does not presuppose any contractual basis; the invitation to ride, when accepted, establishing a relation wherein the gratuitous carrier undertakes constructively to transport the person to whom the ride is tendered, and being equivalent in effect to an express agreement to the same tenor.

"It is indeed not essential even that the person carried shall have given his consent to the carriage, in order for the status to arise, although one present under duress cannot well be deemed a guest.

"The operator may be a host, the passenger his guest, even though a family relation exists between them, such as that of parent and child, grandparent and grandchild, or husband and wife.

"Whether one riding in the automobile of another or in an automobile operated by another, is a passenger or guest, or occupies some other status, such, for instance, as that of a joint adventurer, licensee, or what not, is usually a question of fact to be determined as such in the light of the legal principles governing questions of status and relationship.

"2292. Guest Statutes.—Who are Guests Within Operation of.—In determining who are 'guests' within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.

"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct

operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefiit, or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments. Of course, a passenger for hire is not within their operation, regardless of whether the passenger or some one else pays or promises to pay for the transportation.

"The fact that it is contemplated that some indirect benefit will accrue to the operator of the automobile to which the carriage will have in some degree contributed collaterally or by way of inducement, is not sufficient to make the carriage one for mutual benefit within the rule as stated. The minor child of a person who accompanies an automobile operator, in part at least for the benefit of the latter, if taken along on the journey for want of any place to leave him in the parent's absence, shares the parent's status of not being a mere guest in the vehicle.

"In determining for whose benefit the journey is undertaken and whether the person carried as a guest within the meaning of the statutes, not only the specific act of transportation but also the general relationship of the parties may be considered. Where, for example, some such relation as that of master and servant exists between the passenger and the operator, as a result of which tangible benefits accrue to the latter from the transportation, by saving the

servant's time or facilitating his work, the passenger is not a guest within the meaning of the statute."

There is some difference between the language used in our statute, supra, and that used in the Iowa guest statute, Section 5026-b1 of the 1931 Code, which is as follows:

"Liability to Guest.—The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

We think, however, the same construction should be applied to our statute in determining who is a passenger without payment for transportation as may be applied to that statute in determining who is a passenger not for hire.

In the case of Knutson v. Lurie, 217 Iowa 192, 251 N. W. 147, the Supreme Court of Iowa said:

"A few days before July 3, 1931, the maid, Orvilla Knutson, took a pair of her own dress shoes to a shoe repair shop in Fort Dodge. Her purpose in so doing was to have the shoes repaired. During the day of July 3, 1931, Mrs. Lurie was entertaining guests from Omaha who were staying, at least part of the time, in the home of Mrs. Lurie's relatives in Fort Dodge. In the afternoon of July 3 Mrs. Lurie took these guests to the Orpheum Theatre. Before Mrs. Lurie left with her guests, however, the maid, Orvilla Knutson, asked if she would get the shoes left at the repair shop, as before explained. Mrs. Lurie, the appellant, said she would do so. Whereupon Mrs. Lurie went

to the Orpheum Theatre with her guests. They returned in the afternoon at 5:30 or 6 o'clock. Upon their return Orvilla Knutson asked Mrs. Lurie if she had gotten the shoes, to which Mrs. Lurie replied that 'she had forgotten them.'

"Dinner was then prepared and served to the guests. After the meal was served, Mrs. Lurie, her guests, the two children, and the maid, Orvilla Knutson, got into the car and went down town to get the shoes. The automobile, upon this occasion, was driven by Mrs. Lurie. When arriving at the shoe repair shop, Orvilla Knutson alighted from the car, obtained the shoes and paid for their repair. She then again entered the automobile and Mrs. Lurie proceeded homeward. As the party arrived at Second Avenue North and Eighteenth Street on their way home, another car on a side street approached the intersection at the same time and there was a collision. Because of the collision, Orvilla Knutson was severely injured."

After the statement of these facts and stating the contentions of the parties, the Court said:

"At the close of the plaintiff's evidence, a motion was made by the appellants for a directed verdict in their favor, on the theory, among others, that the appellee had not proven recklessness on the part of Mrs. Dave Lurie. That motion, however, was overruled, and the issues were submitted to the jury. After consideration, a verdict was returned for the appellee, and the district court entered judgment accordingly. From the judgment thus entered, the appellants appealed.

"A reversal is first asked by the appellants because the district court refused to sustain its motion for a directed verdict on the theory that the appellee could

recover, if at all, only upon the ground of recklessness, as distinguished from negligence. When stating her cause of action, the appellee did not allege recklessness. It is her theory that she was not a guest in the appellant's car at the time in question but rather a servant performing her master's duties, and therefore need not allege recklessness in her petition. Consequently, it is important at this place to determine whether there is evidence upon which the jury could find that Orvilla Knutson was a guest in the appellant's car. Section 5026-b1 of the 1931 Code provides:"

Then is quoted a part of the statute, supra, and the court proceeded.

"The appellant, Mrs. David Lurie, was not under the influence of intoxicating liquor when the accident happened, and therefore no recovery is sought under the statute on that basis.

"But it is claimed by the appellee that she was not a guest in the appellants' car, as contemplated by the aforesaid statute, and therefore she is entitled to recover from the appellants on the ground of negligence. On the other hand, it is argued by the appellants that Orvilla Knutson was a guest in their automobile, and therefore she can recover for her injuries only by proving that Mrs. Dave Lurie recklessly caused the collision. If Orvilla Knutson, however, was not a guest or an occupant of the appellant's car by invitation, but was a passenger therein for the purpose of performing and in order to perform her duties as a servant, then she can recover for the negligence of the driver and need not, in such event, rely upon the reckless operation of the car. One may be a passenger in an automobile without being a guest, a mere passenger

by invitation, or a passenger for hire in the legal sense of the word. There are, in fact, a multitude of persons riding in cars daily who are not guests, passengers for hire within the legal meaning of that term. A person riding in an automobile may be there because of relationship of master and servant existing between him and the owner. In other instances the rider in an automobile may be there (without the relationship of master and servant) for the definite and tangible benefit of the owner or operator or such person may be in the automobile (without the relationship of master and servant) for the mutual, definite and tangible benefit of the owner or operator on the one hand and of himself on the other. Kruy v. Smith, et ux., 108 Conn. 628, 144 A. 304; Gage v. Chapin Motors, Inc., 115 Conn. 546, 162 A. 17; Latham v. Hankey, 117 Conn. 5, 166 A. 400; Russell v. Parlee, 115 Conn. 687, 163 A. 404; Smith v. Fall River Joint Union High School District, et al., 118 Cal. App. 673, 5 P. (2d) 930; Sullivan v. Richardson, 119 Cal. App. 367, 6 P. (2d) 567; Sumner v. Edmunds, et al. (Cal. App.) 21 P. (2d) 159; Royal Finance Co., of California v. Miller, 47 F. (2d) 24 (9th Circuit); Labatte v. Lavallee, 258 Mass. 527, 155 N. E. 433; Lyttle v. Monto, 248 Mass. 340, 142 N. E. 795; Jackson v. Queen, 257 Mass. 515, 154 N. E. 78; Loftus v. Pelletier, 223 Mass. 63, 111 N. E. 712. See also Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 244 N. W. 721, 82 A.L.R. 1359; Crawford v. Foster, 110 Cal. App. 81, 293 P. 841.

"When the legislature of Iowa used the phrase in Section 5026-b1, before quoted, to-wit, "as a guest or by invitation and not for hire,' its evident attempt was to exclude recovery by a guest or a mere invitee

except for the reckless operation of the automobile. The use of the phrase 'and not for hire' was merely to aid in the understanding of the meaning of the word 'guest' and of the phrase 'by invitation.' By using those words and phrases, the legislature did not intend to include all persons who might from time to time ride in an automobile, as before explained. It is evident that the intent of the legislature, therefore, was to recognize non-gratuitous riders in an automobile as well as a guest and a mere invitee. Likewise, it is apparent that the legislature intended to distinguish between 'passenger for hire' as that term is used in law, and other nongratuitous riders in an automobile. Through the legislation a safeguard against the prevalent claims for damages by guests or mere invitees was placed around the owner and operator of the car. Although, in the transportation of the guest or the mere invitee no fare of any kind was asked by the owner or operator, yet the guest and invitee, without gratitude, frequently commence suit on every conceivable charge of negligence."

The text is amply supported by the authorities therein cited.

The master owes a duty to his servant which he may not avoid by requiring the servant to ride in the automobile of the master as an incident to performing the duties for the performance of which the servant is employed.

The declaration sufficiently alleges that plaintiff was employed jointly by the husband and wife defendants and that at the time of the injury she was serving in the course of her employment under the direct supervision and control of the wife.

If she supports the allegations by proof, she is entitled to recover as a servant injured in the course of her employment by the negligence of the master.

Judgment is reversed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.