98 So.2d 507 (1957)
Paul R. SULLIVAN, Appellant,
v.
Joseph C. STOCK, Appellee.
No. 144.
District Court of Appeal of Florida. Second District.
November 27, 1957.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellant.
*508 Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
KANNER, Chief Judge.
Appellant Sullivan sued appellee Stock for damages claimed to have been suffered by him as an occupant of appellee's automobile driven by appellee against a telephone pole. The trial court granted appellee's motion to dismiss the third amended complaint and dismissed the case with prejudice; hence this appeal.
The complaint, being the third amended complaint, contained two counts. Count one, charging ordinary negligence, was predicated upon the proposition that appellant was not a guest passenger within the purview of the guest statute; and count two alleged gross negligence for the purpose of fulfilling the requirement of the guest statute. We agree that the trial judge correctly ruled that the second count was insufficient to meet the test required for gross negligence as contemplated by the guest statute, but we do not agree with the trial judge's ruling that the first count fails to state a cause of action; but rather we hold that the allegations of the first count establish that the appellant was not a guest passenger within the meaning of the guest statute.
The applicable provisions of the guest statute are as follows:
"No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; * * *" Section 320.59, Florida Statutes 1955, F.S.A.
The pertinent allegations of the first count are as follows:
"On or about the 27th day of May, 1955, Joseph C. Stock desired to borrow some money from one Owen Pierce and knew that Owen Pierce would not lend him the money unless someone would appear with Joseph C. Stock to vouch for him and agree to make good the loan in the event the said Joseph C. Stock failed to pay back the money. The plaintiff, Paul R. Sullivan, was about to get into his own car to go home with his wife who had come to pick him up, when the defendant, Joseph C. Stock, requested plaintiff, Paul R. Sullivan, to accompany him in the automobile mentioned in Paragraph One hereof, for the purpose of enabling the defendant to secure the aforementioned loan by vouching for the defendant and agreeing to indemnify the said Owen Pierce from any loss. The defendant, Joseph C. Stock, told the wife of plaintiff to drive back home and that he would drive the plaintiff home after he had secured the loan. The plaintiff agreed to and did accompany said defendant for the sole purpose of aiding the defendant in securing said loan, and through the efforts of plaintiff, this loan was secured by defendant, after the plaintiff vouched for the defendant and agreed to indemnify the said Owen Pierce from any loss. The aforesaid loan was for the sole benefit of the defendant, and at all times material to this suit, said plaintiff did not receive any benefit whatsoever from the aforesaid transaction."
The Supreme Court of Florida has in three cases clearly distinguished between who is a guest passenger and who is not, *509 namely, Peery v. Mershon, 1942, 149 Fla. 351, 5 So.2d 694; Handsel v. Handsel, Fla. 1954, 72 So.2d 813; and Sproule v. Nelson, Fla. 1955, 81 So.2d 478, 480.
In the Mershon case, headnote 2, it is said:
"Where relation of master and servant exists between passenger and operator of automobile, as result of which tangible benefits accrue to operator from transportation by saving the servant's time or facilitating his work, the passenger is not a `guest' within meaning of guest statute."
The Handsel case was affirmed on the authority of the Mershon case and section 2292, 4 Blashfield, 326. In the Handsel case the plaintiff and the operator of the car were making a journey for their mutual benefit. This case enlarged the doctrine of the Mershon case beyond a master and servant relationship.
The Sproule case cites the two cases previously mentioned. This case involved injuries sustained by an airplane mechanic who, while riding on defendant's fuel truck and directing its placement, was caught between the truck and an airplane wing. The Supreme Court of Florida held that the guest statute did not apply and stated:
"We are of the view that appellant's contention  that plaintiff was a guest passenger and was required to prove gross negligence as contemplated by F.S. § 320.59, F.S.A.  was of no avail. The guest statute does not apply when the transportation is solely for the benefit or mutual benefit of the passenger and the owner of the car. Peery v. Mershon, Fla. 1942, 149 Fla. 351, 5 So.2d 694, and Handsel v. Handsel, Fla. 1954, 72 So.2d 813. The evidence shows that the transportation in question was for the mutual advantage of the plaintiff and appellant and that riding the truck was customary practice when fueling the wings of an airplane. Aside from the foregoing, the rule is settled in this country that the guest statute cannot be invoked in commercial transactions. Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, Annotation, 10 A.L.R.2d 1351, 1362."
In Cyclopedia of Automobile Law and Practice, 4 Blashfield, permanent edition, section 2292, pp. 307-310, it is said:
"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments. * * *"
And in 5A Am.Jur., Automobiles and Highway Traffic, section 514, pp. 552-553, dealing with the question of who is a guest within the contemplation of the automobile guest statutes, it is stated:
"The question of who is a `guest' within the contemplation of a statute limiting liability of the owner or operator of a motor vehicle for injury to a guest is largely a question for determination in the individual case. Generally such statutes by their terms are limited to passengers or riders who are being carried gratuitously. The word `guest' should be construed in the light of the legislative purpose, and should not be extended beyond correction of the evils and attainment of the permissible social objects inducing its enactment.

*510 "A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver, and who accepts such hospitality and takes a ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver other than the mere pleasure of his company. A person riding in a motor vehicle is a guest if his carriage confers a benefit only upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like as a mere gratuity. However, if his carriage contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or business purpose of the owner or operator, he is not a guest. * *"
See also 10 A.L.R.2d 1351, et sequitur; and 60 C.J.S. Motor Vehicles § 399(5), pp. 1008-1015.
So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commercial transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of an automobile from that of a guest passenger where such journey or ride is for purposes of companionship, pleasure, social amenities, hospitality, and the like.
In the instant case the mission was to procure a loan of money for appellee. Thus the journey, made at the request of appellee, was not simply for a ride but was incidental to the main purpose, that of procuring a loan for the appellee. The loan was effectuated through the valuable aid of the appellant, who recommended it and guaranteed payment, and was for the sole and material benefit of appellee.
Accordingly, the judgment of the trial court is reversed as to count one and affirmed as to count two and remanded for further proceedings consistent herewith.
Affirmed in part and reversed in part.
PLEUS and ALLEN, JJ., concur.