106 So.2d 204 (1958)
Irene MILLER and George Miller, her husband, Appellants,
v.
MORSE AUTO RENTALS, Inc., a Florida corporation, and Naomi R. Garri, Appellee.
No. 58-51.
District Court of Appeal of Florida. Third District.
October 30, 1958.
Rehearing Denied November 26, 1958.
Ginsberg, Steinberg & Pollack, Miami, for appellants.
Knight, Smith, Underwood & Peters, Miami, for appellee.
PEARSON, Judge.
Irene Miller and her husband were plaintiffs in the trial court. They appeal from a summary final judgment for the defendant, Morse Auto Rentals, Inc. Mrs. Miller was a passenger in a rental automobile owned by the defendant. The automobile *205 was involved in an accident while being driven by defendant's bailee Naomi R. Garri. The final summary judgment recited in part:
"The pleadings and depositions in the file do not present any genuine issue of fact on the question either of the relationship existing between the Plaintiff, Irene Miller, and the Defendant, Morse Auto Rentals, Inc., which this Court has held to be that of Guest and Host, or on the question of the Defendants gross negligence, * * *."
Upon the controlling question of whether the plaintiff was a guest, we find that the pleadings, affidavits and depositions on file conclusively demonstrate that the plaintiff was not in fact a guest within the meaning of section 320.59, Fla. Stat., F.S.A. The summary final judgment is therefore reversed and the cause remanded for trial.
The plaintiff was employed as a pastry cook by a Mrs. Tjelios, who was the owner of a business establishment known as the Malayan Lounge. It appears, without contradiction elsewhere, from the deposition of the plaintiff that upon the morning of the accident she was pursuing her employment as a cook at the residence of her employer. Pastries were to be prepared at the residence and later taken to the place of business. The plaintiff discovered that she could not proceed with her work because certain ingredients necessary for the pastries were out of supply. She informed her employer of the work stoppage and the reason therefor. This conversation was by telephone. It was arranged between the ladies that the employer's son would come to the house and take the plaintiff on a marketing trip for the employer. The son failed to put in an appearance.
At this juncture Mrs. Garri appears in the narrative. Before reviewing her part in the unusual chain of circumstances, it is well to set forth what the deposition of the plaintiff revealed as to Mrs. Garri's relationship to the plaintiff's employer. Mrs. Garri was living in Mrs. Tjelios' home. In addition Mrs. Garri was either the manager of a group of dancers employed in the Malayan Lounge, or she was Mrs. Tjelios' agent to procure entertainment for the night club. The deposition is not clear upon this point, but it is certain that there was a business relationship between Mrs. Garri and Mrs. Tjelios. (Mrs. Miller is a native of Turkey and testified through an interpreter.)
When the son did not appear as expected, Mrs. Garri, who had been in contact with Mrs. Tjelios on the telephone, informed the plaintiff: "I take you in Food Fair. You take flour and these things, because Nick no come."[1] On the return trip from the store with the supplies the accident in which the plaintiff was injured, occurred.
The delineation of the limits of the guest passenger relationship has been the subject of several Florida cases. None of the cases are close to the instant case on their respective facts. However, two recent cases have reviewed the prior decisions, and have set forth the principles to be followed. See Roberts v. Braynon, Fla. 1956, 90 So.2d 623; Sullivan v. Stock, Fla.App. 1957, 98 So.2d 507, 510.
Roberts v. Braynon, supra, was concerned with the status of a social guest, staying in the defendant's home, who was injured while a passenger in defendant's automobile. The trip on which the accident occurred was for the dual purpose of procuring airline reservations for the plaintiff and of taking some laundry belonging to the defendant to a self-service laundry. If the trip had proceeded according to plan, plaintiff would have also watched two small children, who had been placed temporarily in defendant's custody and who accompanied the parties *206 on their trip in the automobile. The court held that the defendant's invitation to plaintiff to ride with her was a projection of the hospitality which plaintiff was already enjoying in the defendant's home. The function incident to the care of the children was held to be a mere matter of convenience which could not be regarded as a consideration for the transportation to the airline ticket office.
Sullivan v. Stock, supra, was concerned with the status of a passenger who accompanied the defendant, at the defendant's request, in order that the plaintiff could aid the defendant in procuring a loan by vouching for him and guaranteeing the loan. It was further alleged that the plaintiff agreed to aid the defendant in the manner requested. The Court held the guest statute inapplicable. In summarizing the Court held:
"So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commercial transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of an automobile from that of a guest passenger where such journey or ride is for purposes of companionship, pleasure, social amenities, hospitality, and the like."
The case now before the court would not be difficult therefore, if Mrs. Tjelios, the employer, had been driving the car on the trip involved. See Peery v. Mershon, 149 Fla. 351, 5 So.2d 694. But we have the additional problem of Mrs. Garri's relationship to the plaintiff and to the employer. As indicated Mrs. Garri, the driver, was an agent of Mrs. Tjelios in hiring dancers for the Malayan Lounge. It further appears that Mrs. Garri was driving the automobile at the request of Mrs. Tjelios, and that she was driving under her direction for her benefit and therefore as her agent.
It should also be pointed out that the plaintiff was not invited to ride in the car until after Mrs. Tjelios requested Mrs. Garri to take the plaintiff to the store, and the driver was well aware of the purpose of the mission. Thus it can be readily discerned that as between the driver and the plaintiff there were no acts or conduct which could in anyway indicate the relationship of host and guest between them. It is this relationship between the operator and the passenger upon which the statute (section 320.59, supra) acts and not the relationship between the driver and Mrs. Tjelios. The fact that the driver may have acted gratuitously for Mrs. Tjelios is not determinative. In accord Kruy v. Smith, 108 Conn. 628, 144 A. 304; Whyte v. Richards, Ohio Ct. App. 1941, 12 Automobile Cases 714. See also 4 Blashfield, Cyclopedia of Automobile Law Practice § 2292 (Perm.Ed. 1946) quoted with approval in Peery v. Mershon, supra, and annotations at 10 A.L.R.2d 1352 and 59 A.L.R.2d 336.
It is suggested that even if the plaintiff did not come within the exemption of the statute in her relationship to the driver, yet she must be considered a guest insofar as her relationship to the owner, who is the defendant here. But the owner stands in the shoes of the driver insofar as the application of the guest statute is concerned. Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886; Penton v. Favors, 262 Ala. 262, 78 So.2d 278. See also discussion and cases cited in Alpert, Florida Automobile Accident Law § 86 (1958).
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] Deposition of plaintiff.