113 So.2d 718 (1959)
Daniel R. BERNE, Appellant,
v.
E.J. PETERSON, Appellee.
No. 58-737.
District Court of Appeal of Florida. Third District.
June 25, 1959.
Rehearing Denied August 12, 1959.
*719 Rassner, Miller & Roth, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams and William J. Flynn, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
Appellant Daniel R. Berne, plaintiff below, appeals from a summary judgment for the defendant, the appellee E.J. Peterson.
By his complaint filed in the circuit court in Dade County plaintiff had sought to recover damages for injuries allegedly received by him while riding as a passenger in defendant's automobile, due to simple negligence of the defendant who was driving. The plaintiff claimed to be excused from the need to show gross negligence of the defendant, contending that the journey was for business and for the mutual benefit of the parties.[1]
Defendant entered a denial, and claimed benefit of the guest statute, averring the guest passenger status of the plaintiff. Defendant moved for summary judgment. Hearing was held on the motion, aided by the pleadings and the depositions of the parties, and summary judgment was entered for defendant.[2]
Appellant concedes that defendant was not guilty of gross negligence, but only of simple negligence. Therefore, the determinative question on this appeal is whether plaintiff was a guest passenger within the provisions of § 320.59, Fla. Stat., F.S.A.
The defendant Peterson, who resided in Dade County, was a sales representative. The plaintiff Berne, a non-resident, was a sales manager for certain products for Radio Corporation of America. Berne was in Miami, in company with B.C. Ralston of Atlanta, their southern sales manager. They were here to effect certain franchise changes. Among other persons contacted and interviewed, they called on the defendant Peterson. The parties conferred, beginning about 3:00 o'clock P.M., regarding the business mentioned above. When the dinner hour arrived they had not completed their conference. They decided to go to Peterson's house to "wash up" and get a drink and then go out to dinner, after which they were to, and actually did return to Peterson's office and resume their conference.
The three men left Peterson's house in Peterson's car which he was driving, bound *720 for the Robin Hood restaurant. In making a turn onto Biscayne Boulevard, a short distance from Peterson's home, the door beside Peterson opened, and while he was attempting to close it he turned the automobile too far, ran up over the curb and hit an obstruction, as a result of which the plaintiff was injured.
In determining, on the undisputed facts before him, that plaintiff was a guest passenger within the provisions of § 320.59, Fla. Stat., F.S.A., the trial judge was eminently correct. It is clear, as appellant contends, that the guest statute is not applicable in a situation where the motivating purpose of the transportation is for the mutual benefit of both the driver and his passenger, or for the sole benefit of the driver. Sproule v. Nelson, Fla. 1955, 81 So.2d 478; Sullivan v. Stock, Fla.App. 1957, 98 So.2d 507; Miller v. Morse Auto Rentals, Fla. App. 1958, 106 So.2d 204; Montana v. Gorp, Fla.App. 1959, 108 So.2d 64. However, it is also clear that the guest statute does apply when the motivating purpose of the transportation is "companionship, pleasure, social amenities, hospitality, and the like." Sullivan v. Stock, supra, 98 So.2d at page 510.
In the instant case the trip, fairly construed, was not for a business purpose or commercial benefit within the above stated exception to the guest statute. The object of the ride to the restaurant was to get food. That purpose was removed from any business relationship between the parties, and amounted to a social interlude when the parties suspended their business conference to go to dinner.
The fact that the business conference was resumed after the dinner hour did not make the trip to dinner other than a social one. Also, the fact that there may have been some amount of business or "shop" talk at dinner did not change the purpose of the dinner trip. Nor did the charging of the dinner to his expense account by the plaintiff alter the situation. If plaintiff was away from home on business expense, it is obvious that any dinner he bought would be on his expense account, whether he ate alone or went out with others.
Appellant has relied on several earlier Florida cases, including Peery v. Mershon, 149 Fla. 351, 5 So.2d 694, and Sullivan v. Stock, supra, which, on their facts, had held a rider not to be a guest passenger. The Peery case involved a master-servant relationship and it is therefore distinguishable as being necessarily based upon an existing employment status. In the Sullivan case the plaintiff accompanied the defendant in his automobile to assist defendant in obtaining a loan. No such endeavor primarily beneficial to the defendant driver appears in the instant case.
While the guest statute, being in derogation of the common law, is to be strictly construed (Summersett v. Linkroum, Fla. 1950, 44 So.2d 662), this must not be carried to the extent of carving therefrom unwarranted exceptions to its application. Any commercial aspects of the trip to the restaurant were wholly incidental to its social purpose, and too remote to be tangible or cognizable. See Lyon v. City of Long Beach, 92 Cal. App.2d 472, 207 P.2d 73; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; El Paso City Lines, Inc. v. Sanchez, Tex.Civ.App. 1957, 306 S.W.2d 396.
Accordingly the judgment appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] Section 320.59, Fla. Stat., F.S.A., provides: "No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * * *."
[2] The summary judgment was as follows:

"The above cause coming on at pretrial conference and upon the defendant's motion for a summary judgment, and the court having considered the pleadings and the depositions of the parties, and counsel for the plaintiff having announced to the court that he had no further evidence to offer, and the court being fully advised in the premises, finds:
"1. That the plaintiff was a guest passenger in the motor vehicle of the defendant.
"2. That the defendant was not guilty of gross negligence.
"3. That there is no genuine issue of a material fact to be submitted to a jury and the defendant is entitled to a judgment as a matter of law.
"It Is, Therefore,
"Ordered and Adjudged that final summary judgment be, and same is hereby, entered in favor of the defendant, E.J. Peterson, and against the plaintiff, Daniel R. Berne, and that the defendant go hence without day and recover his costs against the plaintiff."