CARROLL, Judge.
These consolidated appeals were taken by the plaintiff from summary judgments entered for the defendants. Plaintiff sued an owner and a driver of a truck. He sought damages for personal injuries received when he fell or was thrown from the truck owned by appellee Stauffer and driven by appellee Penny. The facts were established without conflict. By granting summary judgments for the defendants the trial court impliedly held the guest statute[1] was applicable and that the evidence was not sufficient upon which to base a finding of gross negligence. The question presented by appellant is “Whether the trial judge erred in holding as a matter of law that Mr. England was a guest passenger under F.S.A. § 320.59.”
The parties were members of the Clown Unit of the Miami Grotto, a Masonic organization. They were engaged in coaching or aiding a drill practice by other members riding small motorcycles. The plaintiff England was riding on the open rear of a pick-up truck, seated on the tailgate. Stauffer was one of the men drilling on motorcycles. When a vehicle being used by the supervisors of the drill broke down, the Clown Unit director, one Karl Rehm, borrowed Stauffer’s truck for that purpose. Rehm sat with the plaintiff in the rear of the truck. The plaintiff was injured when the driver, intending to apply the brake with his foot, mistakenly pressed the accelerator causing the truck to lurch forward and spill or throw plaintiff to the ground.
Appellant argued that the transportation was under circumstances of mutual benefit so as to bring the case within the recognized exception to the guest statute, which relieves the plaintiff of the need to prove gross negligence where the motivating purpose of the transportation is for the mutual benefit of the parties or for the sole benefit of the owner or driver. See Peery v. Mershon, 149 Fla. 351, 5 So.2d 694; Handsel v. Handsel, Fla.1954, 72 So.2d 813; Sproule v. Nelson, Fla.1955, 81 So.2d 478, 76 A.L.R.2d 1066; Sullivan v. Stock, Fla.App.1957, 98 So.2d 507; Miller v. Morse Auto Rentals, Fla.App.1958, 106 So.2d 204; Montana v. Gorp, Fla.App.1959, 108 So.2d 64; Berne v. Peterson, Fla.App.1959, 113 So.2d 718; Tillman v. McLeod, Fla.App.1960, 124 So.2d 135. The problem presented is whether there was a mutual benefit between plaintiff and the defendants [2] sufficiently real and *547 tangible to implement the exception. We agree with the holding of the learned trial judge that there was not.
In Peery v. Mershon, supra, the Supreme Court, quoting from 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed. §§ 2291-2292, said (5 So.2d at 697):
“ ‘Whether one riding in the automobile of another or in an automobile operated by another, is a passenger or guest, or occupies some other status, such, for instance, as that of a joint adventurer, licensee, or what not, is usually a question of fact to be determined as such in the light of the legal principles governing questions of status and relationship. * * *
“ ‘In determining who are “guests” within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.
* * * * * *
“ ‘The fact that it is contemplated that some indirect benefit will accrue to the operator of the automobile to which the carriage will have in some degree contributed collaterally or by way of inducement, is not sufficient to make the carriage one for mutual benefit within the rule as stated. * * * ’ ”
Also, in Sullivan v. Stock, supra, it was said (98 So.2d at 510):
“So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commerical transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of an automobile from that of a guest passenger where such journey or ride is for purposes of companionship, pleasure, social amenities, hospitality, and the like.” [Italics supplied.]
Appellant points to the fact that the Clown Unit at certain times of the year participated in activities of the Grotto for the purpose of raising funds for charity. However, the parade for which this cycle group was being rehearsed was not one for fund raising purposes. Each such case must be determined on its own facts. We conclude, on the facts of this case, that the mutual interest which the parties may have had in serving as members of an organization which on other occasions raised charity funds did not amount to or produce for the owner of the truck or its driver tangible benefits sufficient to bring the plaintiff within the claimed exception to the guest statute.
Affirmed.

. “§ 320.59 Liability to guest or passenger. No person transported by the owner or operator of a motor vehicle as his guest or passenger-, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the' action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”

. This case does not involve a question of mutual benefit as between the plaintiff and the Miami Grotto. The latter was not a defendant.