STURGIS, Judge
(dissenting).
In my opinion appellant has demonstrated reversible error.
The complaint charges, in substance, that the plaintiff was a domestic employee of defendant Killinger’s daughter-in-law, who *131 pursuant to the contract of employment was obligated to furnish plaintiff with transportation to the place of employment, and that the defendant, acting as agent of plaintiff’s employer in providing such transportation, negligently operated an automobile in which plaintiff was riding to work, as a result of which plaintiff suffered sundry bodily injuries, incurred medical expenses, and was deprived of earnings. For the damages thus sustained plaintiff demanded judgment against Mrs. Killinger, the appellee, and against the operator of another motor vehicle involved in the accident who is not a party to this appeal. Defendant Killinger’s daughter-in-law, plaintiff’s employer, is not a party to the suit.
Defendant Killinger’s answer admitted that plaintiff was employed as alleged, but denied that she was being transported to work pursuant to the contract of employment, denied that defendant was the agent of plaintiff’s employer in furnishing such transportation, and generally denied negligence in the premises. Mrs. Killinger also filed a special defense affirmatively alleging .that “At the time and place set forth in the complaint * * * the plaintiff was a guest of the defendant * * The pleadings and proofs raise no question of contributory negligence on the part of plaintiff.
No attack was made on the pleadings and no pre-trial procedures were had. The cause proceeded to trial on the material issues developed by the complaint and answer. Motion of plaintiff for a directed verdict, made at the close of all the evidence, was denied. The jury returned a verdict in favor of defendant Killinger, and motions of the plaintiff for judgment n. o. v. and for a new trial were denied. Judgment was entered for said defendant and plaintiff seeks reversal on grounds of error which present the following interrelated points of law for determination:
1. 'Whether the court erred in instructing the jury that in order for plaintiff to recover from defendant Killinger the evidence must show some benefit passing to said defendant as a result of the transportation.
2. Whether the court erred in refusing to instruct the jury that plaintiff was entitled to recover against said defendant on proof of simple negligence.
Several facets of the pleadings have important bearing on my conclusions. The cause of action stated by the complaint does not fall within the purview of the Florida Guest Statute, F.S. 320.59, F.S.A. Indeed, it is artfully framed to avoid any such implication. Plaintiff evidently proceeded on the theory that in order to recover against defendant Killinger it was necessary to establish only (1) that defendant acted as agent of plaintiff’s employer in transporting plaintiff to work pursuant to the undertaking of the employer to furnish such transportation, and (2) that defendant was guilty of simple negligence in the operation of the automobile in which plaintiff was being thus transported, and (3) as a proximate result plaintiff suffered compen-sable injuries; and I fully agree with that concept. The defenses interposed by said defendant inferentially recognize the sufficiency of the complaint to state a cause of action on the mentioned theory. My brothers and I appear to be in accord that plaintiff was under no compulsion to join her master — defendant Killinger’s daughter-in-law — as a party defendant, the rule being that a plaintiff in tort may proceed against any or either of the joint tort-feasors.
Defendant Killinger’s above quoted special defense is clearly both redundant and immaterial; redundant in that it is contained within the issue developed by the defense denying the alleged negligence, and immaterial in that even if no such defense had been interposed, a lawful verdict and judgment for plaintiff could not have been rendered in the face of uncontroverted evidence establishing that plaintiff was a guest passenger in the automobile operated by *132 defendant; a fortiori, if pursuant to the material issues developed by the remaining pleadings in this case, the evidence had been such as to place in doubt the question of whether plaintiff was a guest of the defendant, it must be considered that it would have been the exclusive province of the jury to resolve that question of fact, and in such posture a verdict for the defendant would necessarily be sustained. It is my conclusion, however, that the evidence does not support either of these propositions and that, conversely, plaintiff unequivocally established that she was not a guest passenger of the defendant.
As an apparent outgrowth of what I deem to be an erroneous recognition of said special defense as one which presented a material issue herein, the trial court instructed the jury, inter alia, as follows:
“Now, in addition to the defense that Mrs. Killinger has interposed that she is not guilty of any negligence causing injuries to Jeanett Brown, she files a special plea in which she denies that Jeanett Brown was a rider under such circumstances as would entitle her to compensation. In other words, Jean-ett Brown says that she was not an accommodation guest of Mrs. Killinger. Mrs. Killinger by her plea says that she was, and that under the Guest Statute of Florida she is not [liable?] unless Jeanett Brown establishes by the evidence that Mrs. Killinger was guilty of gross negligence. In that connection the Court charges you that there is no evidence in this case of gross negligence on the part of either defendant, and therefore in order for the plaintiff to recover she must establish simple negligence under such circumstances as would warrant recovery against such defendant. We have in Florida what is known as the Guest Statute, and that statute in effect says this: That no person who is transported or carried in an automobile by the owner or operator of that automobile as a guest or passenger of the owner or operator, where there is no payment for such transportation, or other benefit or advantage derived by the owner or operator from the transportation, that such person under those circumstances cannot recover damages against the owner or operator of the motor vehicle, unless the evidence establishes that the owner or operator was guilty of gross negligence or wilful or wanton misconduct. As I have already charged you in this case, there is no evidence of gross negligence in this case, nor of .wilful or wanton misconduct on the part of Mrs. Killinger; therefore, inasmuch as the plaintiff, Jeanett Brown, was riding in her automobile, before she can recover against Mrs. Killinger you must find by a preponderance of the evidence that Jeanett Brown at the time was not an accommodation guest of Mrs. Killinger. The evidence must show that Mrs. Killinger was deriving some benefit, either directly or indirectly, from that particular act of transportation of the plaintiff. In other words, if the transportation of the plaintiff, Jeanett Brown, was solely for her own accommodation, just like I pick you up on the highway and give you a ride, without any benefit, directly or indirectly flowing to the defendant Mildred Killinger, then the plaintiff, Jeanett Brown, cannot recover against Mrs. Killinger, in the absence of gross negligence, or in the absence of wilful and wanton misconduct on her part, which, as I have stated, does not exist in this case. In determining whether the transportation by Mrs. Killinger of the plaintiff, Jeanett Brown, was for Mrs. Killinger’s benefit, you should take into consideration the evidence in the case bearing upon and concerning the purpose of the trips, insofar as it had to do with Mrs. Killinger’s interest in having a maid available for her daughter in law. In determining whether Jeanett Brown was a guest in the automobile of Mrs. Killinger, one important element is the identity of the *133 person or persons gaining advantage or benefit from the carriage of the plaintiff at the time, if in its direct operation such carriage of the plaintiff conferred a benefit only on Jeanett Brown, the plaintiff, and no benefits other than such as are incidental to hospitality, companionship or the like, upon Mrs. Killinger, then Jeanett Brown would be a passenger within the terms of the Guest Statute, and she would not be privileged to recover a verdict in this case, against Mrs. Killinger, but if the purpose of the trip and the carriage and transportation of Jeanett Brown by Mrs. Killinger tended to the promotion of the mutual interests of Jeanett Brown and Mrs. Killinger, or was for the sole benefit of Mrs. Killinger, or if it was primarily for the attainment of some objective or purpose of Mrs. Killinger, then Jeanett Brown would not be a guest within the meaning of the Guest Statutes, and she would be entitled to recover, provided, of course, the evidence shows that Mrs. Killinger was guilty of negligence which proximately brought about her injuries. As I have already indicated to you, the burden is upon the plaintiff, Jeanett Brown, to prove by a preponderance of the evidence that she was not an accommodation guest in the vehicle operated by Mrs. Killinger. If you should find that she was an accommodation guest, then your verdict should be for the defendant, Mildred Killinger, as to the claim against her.”
I am persuaded that the charge is erroneous and prejudicial in recognizing the special defense as having created a material issue of fact. The burden always rested on plaintiff to establish the material allegations of the complaint, one of which was to the effect that she was not a guest of the defendant. This she unequivocally established and by doing so took the case outside the pale of the Guest Statute. And it must be conceded that despite the affirmative posture of the subject special defense, defendant was never saddled with the burden of establishing that plaintiff was a guest, as alleged thereby.
It is evident from the quoted instructions that the trial court treated the complaint as asserting a right to recover on two separate theories; one, that plaintiff was not a guest in the automobile operated by defendant; the other, that she was a guest therein; but the fact is that plaintiff never pursued the second theory, hence the reference in the charges to the Guest Statute was both inappropriate and harmful error. It will be noted that the quoted instruction dwelt at length upon the Guest Statute and its effect, and it can hardly be doubted that this materially affected the minds of the jurors. Again, I must insist that plaintiff sought relief on a theory that necessarily excluded any consideration of the Guest Statute, so gross negligence or wilful or wanton misconduct in the operation of defendant’s automobile was not a material issue, notwithstanding defendant’s special defense. In view of the facts in this case, the instructions relating to the Guest Statute state an abstract principle of law that is inapplicable to the material issues and should not have been given. See Central Truck Lines, Inc., v. Rogers (Fla. App.1962), 140 So.2d 130; Bessett v. Hackett (Fla.), 66 So.2d 694; Green v. Atlantic Co. (Fla.), 61 So.2d 183; Prior v. Pounds, 113 Fla. 308, 151 So. 890; Baldwin v. State, 46 Fla. 115, 35 So. 220.
Aside from the error in instructing the jury with the law applicable to the Guest Statute, the court erred in further instructing the jury that the plaintiff had failed to establish the degree of negligence necessary to recover if she were in fact a guest of the defendant, thus invading the elemental province of the jury to resolve the facts.
The uncontradicted evidence reflects that Mrs. Killinger’s daughter-in-law, plaintiff’s employer, contracted to furnish plaintiff with transportation to work, and that Mrs. Killinger was performing that service on *134 behalf of her daughter-in-law when the accident occurred, hence it is clear that the relation of principal and agent existed between plaintiff’s employer and Mrs. Kil-linger. Assuming the uncontradicted evidence had also established that Mrs. Kil-linger was guilty of simple negligence in the operation of the automobile in which plaintiff was being transported to work — a matter which we do not undertake to pass upon — and that plaintiff was injured thereby, the question then occurs as to whether in order to avoid the implications of the Florida Guest Statute it was also necessary for the plaintiff to establish by positive evidence that Mrs. Killinger received “payr ment for such transportation” within the meaning of that phrase as employed in the statute, or will such be presumed where the agency is shown to exist?
I hold to the view that where the fact of agency and the fact that the principal benefited from the work done by the agent are established without contradiction in an action by a third person against the agent alone for negligence in the performance of such work, as is the case here, it is to be conclusively presumed that the agent received “payment” for such work in the sense contemplated by the Guest Statute. Any other rule would not only impose an intolerable burden of proof on the injured party and provide the careless agent with an all too convenient avenue of escape from liability for his tort, but for all practical purposes would deprive the injured party of a remedy for the wrong suffered. Applying that concept to the facts in this case, plaintiff was entitled to be aided in support of proof by a conclusive presumption that Mrs. Killinger obtained some payment or benefit as a result of her acts in the premises.
I am in agreement with the authorities cited by the majority, but respectfully suggest that they clearly support the principles to which I adhere. Thus in Peery v. Mershon, 149 Fla. 351, 5 So.2d 694 (1942), it is held that in determining who are “guests” within the meaning of automobile guest statutes, the protection to the owner or operator should not be extended beyond the correction of the evils which induced the. enactment of such statutes. The transportation provided in the case on review was that to which plaintiff was entitled under her contract of employment and was not furnished as an incident to hospitality, companionship, or the like, extended by defendant to plaintiff. In my opinion this case falls squarely within the rule stated in 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2292, followed in Peery v. Mershon, supra, where it is said that one is not a guest within the meaning of such enactments “if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit, or if it is primarily for the attainment of some objective or purpose of the operator, * * *.” My brothers will hardly contend that plaintiff’s employer might not have been answerable for the damages sustained under the circumstances alleged. By what principle of law or logic should the employer’s agent escape liability? What relation in law other than that of agent did Mrs. Killinger bear to plaintiff's employer in providing the transportation ?
In every negligence action for damages sustained by a passenger in an automobile, the right of recovery is necessarily determined by the facts peculiar to each case. The power of the jury as trier of the facts is subject to the well established rule that it is bound by the uncontroverted facts and cannot render a capricious verdict in defiance of such facts. In this case defendant Killinger testified that so far as she recalled, up to the time her daughter-in-law was able to personally do so, she, the defendant, transported the plaintiff to her daughter-in-law’s home every morning except when she, the defendant, was out of town, and that on those occasions defendant’s son or a man who worked for her *135 transported plaintiff in her place. On cross-examination of said defendant the following questions and answers were given:
“Q. Were you taking Jeanett [the plaintiff] to work at the request of your daughter-in-law?
“A. Not exactly at the request of her. I just offered to help out any I could.
“Q. You were doing it for her benefit?
“A. I was benefiting all of us, and I thought I was benefiting Jeanett too. I thought I was helping all concerned.”
By Mrs. Killinger’s own admission, therefore, the transportation provided was at the least for the mutual benefit of herself and the plaintiff, and this alone removes the transaction from the operation of the Guest Statute.
It is the general rule that unless the relation of the parties, the triviality of the service, or other circumstances indicate that the parties have agreed otherwise, it is inferred that a person promises to pay for services which he requests or permits another to perform for him as his agent. Restatement of the Law, Agency 2d, § 441. An agency may result from a contract between the parties or it may result from a direction by a person to another to act on his account with or without a promise by the other to so act and with or without an understanding that the other is to receive compensation for his services if he does act. Restatement of the Law, Agency 2d, § 16a. The liability of an agent for his own torts is so well recognized as to require no discussion.
In the leading Florida case (Miller v. Morse Auto Rentals, Inc. (Fla.App.1958), 106 So.2d 204) plaintiff Miller was a pastry cook for a Mrs. Tjelios who owned the Malayan Lounge. On the morning of the accident plaintiff discovered she needed certain ingredients in order to proceed with her work and so informed Mrs. Tjelios by phone. It was arranged that Mrs. Tjel-ios’ son would come and transport plaintiff to a store, but he didn’t appear and a Mrs. Garri, who was either the manager of a group of dancers employed in the lounge or Mrs. Tjelios’ agent to procure entertainment for the lounge and who had been in contact with Mrs. Tjelios by phone, informed plaintiff that she, Mrs. Garri, would take plaintiff to the store. Plaintiff accompanied her and on the return trip an accident occurred. In reversing a summary judgment for defendant Garri, granted by the trial court on the ground that plaintiff was a guest of Mrs. Garri, the Third District Court of Appeal said:
“The case now before the court would not be difficult therefore, if Mrs. Tjelios, the employer, had been driving the car on the trip involved. See Peery v. Mershon, 149 Fla. 351, 5 So. 2d 694. But we have the additional problem of Mrs. Garri’s relationship to the plaintiff and to the employer. As indicated Mrs. Garri, the driver, was an agent of Mrs. Tjelios in hiring dancers for the Malayan Lounge. It further appears that Mrs. Garri was driving the automobile at the request of Mrs. Tjelios, and that she was driving under her direction for her benefit and therefore as her agent.
“It should also be pointed out that the plaintiff was not invited to ride in the car until after Mrs. Tjelios requested Mrs. Garri to take the plaintiff to the store, and the driver was well aware of the purpose of the mission. Thus it can he readily discerned that as between the driver and the plaintiff there were no acts or conduct which could in anyway indicate the relationship of host and guest between them. It is this relationship between the operator and the passenger upon which the statute (section 320.59 supra) acts and not the *136 relationship between the driver and Mrs. Tjelios. The fact that the driver may have acted gratuitously for Mrs. Tjelios is not determinative. In accord Kruy v. Smith, 108 Conn. 628, 144 A. 304; Whyte v. Richards, Ohio Ct.App. 1941, 12 Automobile Cases 714. See also 4 Blashfield, Cyclopedia of Automobile Law Practice § 2292 (Perm.Ed. 1946) quoted with approval in Peery v. Mershon, supra, and annotations at 10 A.L.R.2d 1352 and 59 A.L.R.2d 336.” (Emphasis added.)
In Monison v. McCoy (1934), 266 Mich. 693, 256 N.W. 49, the defendant’s wife, being ill, sent for plaintiff to care for her and plaintiff complied with no definite understanding about pay, though it was understood she would be taken home. Plaintiff was in fact paid $8.00 before leaving for home, and was injured en route home while riding in an automobile operated by the defendant husband of plaintiff’s employer. Applying a statute similar to ours, the Michigan court held that under these circumstances the plaintiff was not a guest of the driver of the automobile.
In a later Michigan case (Peronto v. Cootware (1937), 281 Mich. 664, 275 N.W. 724) a son whose wife was sick induced his brother to transport their mother to his home to take care of his wife and authorized his brother to tell the mother that he would pay her what it was worth. The mother agreed and while being driven by her second mentioned son to the home of her first mentioned son was involved in an accident with resultant injuries. In a suit by the mother against the driver it was held that the transportation was a business proposition from which it was clear that if the first mentioned son had been in the place of his defendant brother, the mother would not have been a guest; consequently, that she was not a guest of the defendant under the Michigan Guest Statute.
In each of the cited cases there was no apparent consideration passing to the driver other than the benefit of doing a favor for a friend, relative, or business acquaintance. Certainly no less benefit passed to the defendant in the case on review.
The facts in the Miller (Florida) case, supra, closely parallel those in the case on review. Defendant Killinger was driving appellant to work at the request of her daughter-in-law and was therefore driving under her direction for her benefit and as her agent; and as between defendant Kil-linger and the plaintiff there were no acts or conduct which could in any way indicate the relationship of host and guest between them. As appellant cogently argues, it is the relationship between appellant and defendant Killinger with which this court is concerned on this appeal and not the presence or absence of a business relationship between defendant Killinger and plaintiff’s employer.
There was ample evidence from which the jury could have found defendant Kil-linger guilty of simple negligence. In my opinion the trial court committed reversible error in two particulars: (1) in submitting to the jury the issue raised by defendant’s redundant and immaterial special plea involving the Florida Guest Statute, while at the same time taking from the jury the power to return a verdict for the plaintiff on such issue, and (2) in refusing to instruct the jury that plaintiff was entitled to recover against defendant Killinger on proof of simple negligence.
For the reasons stated, I would reverse the judgment appealed and remand the cause for a new trial.
I therefore respectfully dissent.