161 So.2d 703 (1964)
Shirley Rae ROSENFELD and Curry Auto Rental, Inc., Appellants,
v.
Gladys M. JOHNSON, Appellee.
No. 63-402.
District Court of Appeal of Florida. Third District.
March 3, 1964.
Rehearing Denied April 1, 1964.
*704 Dean, Adams & Fischer and Jeanne Heyward, Miami, for appellants.
Loewenstein & Dunn and Thomas A. Horkan, Jr., Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by the defendants below from an adverse judgment entered on a jury verdict in an automobile accident case.
Plaintiff was a passenger in a car driven by the defendant Shirley Rosenfeld, owned by the corporate defendant. She had worked as a domestic for Mrs. Rosenfeld that day, and was being driven home. The accident occurred while Mrs. Rosenfeld was driving across a causeway, within the speed limit, at approximately 45 miles per hour. She lost control of the car temporarily, *705 switched lanes and hit another car in the rear, with consequent injury to her passenger. The plaintiff sued on simple negligence only.
Appellants contend (1) they were entitled to a directed verdict because simple negligence was not proved, and on the ground that the defendant was a guest passenger under § 320.59, Fla. Stat., F.S.A., requiring proof of gross negligence; that it was error (2) to allow the investigating officer to state his conclusion that the accident could not have occurred as the defendant driver claimed, (3) to refuse to allow defendants to show the police officer filed no charge against the defendant driver, and (4) to refuse to allow defendants to bring out the officer's previously expressed conclusion that the accident was unavoidable; (5) that the court erred in its charge in reference to the guest passenger statute and by refusing certain requested charges on the subject; and (6) that certain arguments were improper.
No error was committed in denying defendants' motion for directed verdict. There were numerous facts relating to the passenger status of the plaintiff, presenting for jury determination the question of whether her status was that of a guest passenger under the statute so as to require proof of gross negligence for recovery. The jury concluded the plaintiff did not come within the statute, and found in her favor upon concluding that the defendant was guilty of simple negligence. The question of whether the defendant driver was guilty of simple negligence also was a proper question for the jury, under the circumstances disclosed. The explanation given by Mrs. Rosenfeld for loss of control was that she had run over a board which jarred the car and caused her to lose her hold or grip on the steering wheel temporarily and also caused the automobile to swerve or turn into another lane. The investigating officer was allowed to express his opinion to the effect that if she had been driving properly, the board she hit, which was approximately one foot wide and a half inch thick, would not have caused loss of control of the car as she claimed. We hold that the trial court committed error in allowing the officer to so testify because in so doing the officer invaded the province of the jury. Mills v. Redwing Carriers, Inc., Fla.App. 1961, 127 So.2d 453; 32 C.J.S. Evidence § 446, p. 74; Annot. 38 A.L.R.2d 13. It was also error for the court, having allowed such testimony by the police officer, to refuse to permit defendants to show that the officer, following his investigation, told the defendant driver he had concluded the accident was unavoidable and "could not be helped." That evidence was acceptable as a prior inconsistent statement by the officer. See e.g. Central Mutual Insurance Company v. Newman, Fla.App. 1960, 117 So.2d 41; 35 Fla.Jur., Witnesses, § 240, et seq. Section 317.17 Fla. Stat., F.S.A., which makes motor vehicle accident reports confidential, does not deny to the reporting person the benefit of any statement favorable to him which the investigating officer may make, if otherwise admissible. The privilege does not cover statements by the investigating officer not forming part of his report. See Lobree v. Caporossi, Fla.App. 1962, 139 So.2d 510.
Our disposition of the case on the basis of the errors pointed out above makes it unnecessary to rule on appellants' remaining contentions. However, to aid on retrial, we will make brief comment on certain points relating to the jury charges. There is merit to the appellants' contentions that the charge given by the court with reference to the guest passenger statute incorrectly implied a need for a social basis to create the statutory guest-passenger status, and that the charges given did not adequately define and explain the statutory guest-passenger relationship. On the jury question of whether the transportation was incident to plaintiff's employment or was outside of her employment and gratuitously furnished on the day in question, the defendants' requested charge no. 4, which the court refused, appears proper. See Peery *706 v. Mershon, 149 Fla. 351, 5 So.2d 694; Sullivan v. Stock, Fla.App. 1957, 98 So.2d 507; Miller v. Morse Auto Rentals, Fla.App. 1958, 106 So.2d 204; Berne v. Peterson, Fla.App. 1959, 113 So.2d 718.
For the reasons stated the judgment is reversed and the cause is remanded for a new trial.