In the Matter of Proving the Last Will and Testament of ISAAC MELTZER (Also Known as AIZIK MELTZER), Deceased. JOSEPH MELTZER, Appellant; IDA MELTZER, Respondent.— Isaac Meltzer died September 14, 1931, leaving surviving his widow and an adopted son and an adopted daughter as his sole heirs at law and next of kin. The widow filed a petition in the Surrogate's Court for the probate of the last will and testament of the deceased, dated June 10, 1924. A brother of the decedent filed objections to the probate thereof on the ground that there was in existence a later will dated January 11, 1930. In March, 1933, the brother petitioned the Surrogate's Court for the probate of the latter will. Objections to the probate of such will were filed by the widow. The issues raised by the objections were tried before a court and jury. The jury found that the will dated January 11, 1930, was not signed by the decedent; that it was not his will and that it was not executed as required by law. There is evidence to sustain the jury's verdict. Appellant contends that the testimony of the adopted daughter, Anna, was incompetent. Under the will dated January 11, 1930, this daughter received a legacy of $500. Under the will of June 10, 1924, the whole estate was given to the widow. The witnesses to both wills were examined in connection with the trial of the issues raised in this proceeding. The adopted daughter identified the signature of her father to the earlier will. She testified the signature on the later will was not that of her father. In addition to that she gave some testimony as to the relations between her father and mother. The testimony of this witness was competent because she testified against the second will under the provisions of which she was the beneficiary. Under the former will concededly she took no interest. Appellant also contends that the widow

gave testimony which was not competent. It appears that a juror asked the widow whether or not she and her husband were living apart shortly prior to his death. There was no objection to this question nor was there any motion made to strike the answer out. The testimony which the widow gave had no bearing on the will whatsoever. Decree affirmed, with costs to respondent payable out of the estate. McNamee, Crapser and Heffernan, JJ., concur; Hill, P. J., and Bliss, J., dissent and vote to reverse for errors in the admission of evidence.

In the Matter of Proving the Last Will and Testament of ISAAC MELTZER (Also Known as AIZIK MELTZER), Deceased.— Motion for stay denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.