MORGAN A. JONES, Respondent, *v.* CORA L. MALONEY, Appellant.

Submitted March 4, 1938; decided April 12, 1938.

*Henry A. Bruder, David M. Bluestone* and *Louis J. Altieri* for appellant. Plaintiff did not derive title or interest in the note from, through or under defendants' deceased husband, for the latter at no time had title or interest in the note. The exclusion of defendant's testimony as to the circumstances attending the making of the note and its fraudulent diversion was serious and prejudicial error. (*American Exch. Nat. Bank* v. *New York Belting & Packing Co.*, 148 N. Y. 698; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191; *Nickerson* v. *Ruger*, 76 N. Y. 279; *Wilcox* v. *Corwin*, 117 N. Y. 500; *Miller* v. *Campbell*, 173 App. Div. 821; *Haddock, Blanchard & Co.* v. *Haddock*, 192 N. Y. 499; *Angle* v. *North-Western Mut. Life Ins. Co.*, 92 U. S. 330; *Weyerhauser* v. *Dun*, 100 N. Y. 150; *Ledwich* v. *McKim*, 53 N. Y. 307; *Van Duzer* v. *Howe*, 21 N. Y. 531; *Benjamin* v. *Ver Nooy*, 36 App. Div. 581; 168 N. Y. 578; *Davis Sewing Machine Co.* v. *Best*, 105 N. Y. 59; *Comstock* v. *Hier*, 73 N. Y. 269; *Catlin* v. *Gunter*, 11 N. Y. 368; *Kelso & Co.* v. *Ellis*, 224 N. Y. 528; *New York Bankers, Inc.*, v. *Duncan*, 257 N. Y. 160.)

*Thomas E. Murray, Jr.*, for respondent. The defendant was disqualified to testify under section 347 of the Civil Practice Act. (*American Exchange Nat. Bank* v. *New York Belting & Packing Co.*, 148 N. Y. 698; *Conforti Const. Co.* v. *Neek Realty Corp.*, 125 Misc. Rep. 876; *Newcombe* v. *Fox*, 1 App. Div. 389; 154 N. Y. 754; *Commercial Credit Corp.* v. *Greiner*, 264 N. Y. 253; *Witthaus* v. *Schack*, 105 N. Y. 332.) The court did not err in directing a verdict in favor of plaintiff. (*Cross* v. *Cross*, 108 N. Y. 628; *Hankinson* v. *Vantine*, 152 N. Y. 20.)

O'BRIEN, J. Action on a demand note for $17,500, dated June 2, 1932, made by defendant to the order of plaintiff. On the trial defendant attempted to introduce in evidence certain conversations and transactions between herself and her deceased husband, Frank Maloney, in relation to the circumstances under which she executed the note, but her

testimony was rejected on the ground that under section 347 of the Civil Practice Act she, being a party interested in the event, is prohibited from testifying against plaintiff, as one " deriving his title or interest from, through or under a deceased person * * * by assignment or otherwise." The fundamental question of law is whether plaintiff derived his title or interest from, through or under defendant's deceased husband, Frank Maloney. If he did not, then defendant's testimony is admissible.

The complaint contains no allegation that plaintiff derived his title or interest from, through or under any one except defendant. The evidence which defendant sought to introduce is broadly pleaded in the answer and is to this effect: Plaintiff and Frank Maloney, defendant's husband, were associated in business and her husband represented to her that he was in immediate need of the sum of $1,000 to assist him and plaintiff in financing a business project. He further represented that plaintiff had represented to him that plaintiff could secure the sum of $1,000 for the husband from a third party if the husband would provide plaintiff with a note made by defendant for approximately that amount to be deposited with the third party as collateral security. Upon these representations by her husband, defendant signed in blank an instrument without date, name of payee or amount, she relying upon his assurance that he would not make or deliver this instrument, executed in blank, for an amount in excess of $1,000. In violation of her instructions and his own assurance, the husband, without defendant's knowledge and consent, inserted the name of plaintiff and the amount of $17,500. These are the defenses set forth in the answer and which defendant sought to prove at the trial.

Whatever title or interest plaintiff may possess in this note is not derived from, through or under defendant's deceased husband. He was merely her agent and possessed no property in the subject-matter. It never

belonged to him and, therefore, the provisions of section 347 of the Civil Practice Act are not applicable. (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314.)

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.