81 So.2d 478 (1955)
William A. SPROULE and Standard Oil Company, a Kentucky corporation, Appellants,
v.
Joseph Clinton NELSON, Appellee.
Supreme Court of Florida. Division A.
June 15, 1955.
As Amended on Denial of Rehearing September 8, 1955.
*479 Dixon, DeJarnette, Bradford & Williams, Miami, for appellants.
Nichols, Gaither, Green, Frates & Beckham, William R. Colson and Sam Daniels, Miami, for appellee.
TERRELL, Justice.
Appellant William V. Sproule was an employee of Standard Oil Company. Appellee Joseph Clinton Nelson was a mechanic in the employ of National Air Lines. In December, 1952, while engaged in filling the tanks of an airplane, Sproule being the driver of a Standard Oil Company gasoline truck, and Nelson directing the operation, the truck was backed up too far and caught Nelson between the wing of the airplane and the gasoline truck, account of which he suffered severe injuries. He brought this action against Sproule and his employer and recovered a verdict and judgment for *480 $60,000. Motion for new trial was denied and this appeal was prosecuted.
Nine questions are urged for reversal but appellant has summarized them under three heads: (1) Appellee voluntarily elected the method of gassing the airplane tanks and cannot complain of his injury because there was a safer way open to him which he did not pursue; (2) appellee was a guest passenger on the truck of appellant and is barred from recovery under F.S. § 320.59, F.S.A., because of a stipulation that there was absence of gross negligence; (3) the negligence of the plaintiff in failing to exercise the proper precautions was the sole proximate or contributing cause of the accident.
We do not think there is any merit to the contention that appellee voluntarily elected a method or position from which to perform his duty that was more dangerous than another which he could have elected, and being so, he cannot recover. The alternative method was to walk the wings of the airplane from the first tank gassed to the second and take up his position to direct shifting the truck from one to the other. The evidence shows, however, that the customary procedure was to fill the tanks in the right wing of the plane when the mechanic would then mount the rear platform of the truck in order to direct shifting and placing the truck to gas the left wing. This was done by the driver advancing a short distance (about 100 feet) from the plane, then back up by signal from the mechanic on the rear platform of the truck. When in the right position, the mechanic would signal the driver to stop.
At the time of the accident, this procedure was followed, the right wing was fueled, Sproule pulled ahead the customary distance, Nelson was at the rear of the truck so he and Sproule could see each other, he signalled Sproule to back up which he did at a rate of from three to five miles per hour. Nelson gave the signal to stop at the proper time but Sproule did not bring the truck to a stop until it was approximately five feet under the wing of the plane, the result of which was to catch Nelson between the truck and the plane and crush him, causing the injury for which he brings this action. Appellants do not deny that Sproule was negligent and that his negligence caused Nelson's injuries, but they say the jury was not properly instructed on these issues.
We are of the view that appellant's contention  that plaintiff was a guest passenger and was required to prove gross negligence as contemplated by F.S. § 320.59, F.S.A.  was of no avail. The guest statute does not apply when the transportation is solely for the benefit or mutual benefit of the passenger and the owner of the car. Peery v. Mershon, Fla., 1942, 149 Fla. 351, 5 So.2d 694, and Handsel v. Handsel, Fla., 1954, 72 So.2d 813. The evidence shows that the transportation in question was for the mutual advantage of the plaintiff and appellant and that riding the truck was customary practice when fueling the wings of an airplane. Aside from the foregoing, the rule is settled in this country that the guest statute cannot be invoked in commercial transactions. Hasbrook vs. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, Annotation, 10 A.L.R.2d 1351, 1362.
The gist of the next contention is that Nelson was guilty of contributory negligence in that he did not exercise reasonable precaution to avoid the accident. It is contended in other words that he could have avoided being crushed by mounting the wing of the plane or by lying prone on top of the truck. This contention involves a number of factors, the timing of the back up operation, giving of the signal to back up by Nelson, the emergency in which Nelson found himself, the movement of the truck, and perhaps others, all of which were questions for the jury to resolve. The court correctly charged the *481 jury on the question of negligence and when that was done, who created the emergency and the results flowing from it was for the jury to determine. In fact, almost every controversy brought up in this case was ultimately a jury question and it is not shown that error was committed.
On the question of whether or not the verdict was excessive, little need be said. In brief, the evidence shows that plaintiff was seriously injured in the lower part of his back. He was in traction twenty-six days for first treatment and then twenty-five additional days for other treatment. It was ultimately determined to perform a spinal fusion with bone grafted from the right leg. The case was tried more than two years after the accident, at which time plaintiff was in a cast and could not sit up. The fusion operation had not healed but his physician testified that even if it did heal, the plaintiff would be "about 20 to 25 per cent disabled as far as competitive earning power is concerned." This was permanent injury. His medical expenses were $5,692.25, and his loss of earnings from the time of the accident to the time of trial was $9,000. He was 36 years old at the time of the trial and had a life expectancy of more than 32 years. He was earning $80 to $85 per week and was being raised consistently. Then there is ample warrant in the record for future medical expenses, including pain and suffering.
There is an element of speculation in most personal injury verdicts, but this is a matter for jury discretion. The court may review their discretion but not the amount awarded unless shown to be clearly arbitrary. We have searched carefully but we find no reason to reverse the jury on this or any other point. The judgment appealed from is therefore affirmed.
Affirmed.
DREW, C.J., and SEBRING and ROBERTS, JJ., concur.