Per Curiam.

The order should be unanimously affirmed, with $25 costs. Evidence that defendant’s employee sanded the subway platform after the alleged occurrence was inadmissible to show negligence and was improperly received. (Getty v. Town of Hamlin, 127 N. Y. 636; Richardson, Evidence [8th ed.], § 173.) It was error to charge that defendant, as a common carrier, owed a greater duty toward passengers than did the City of New York toward pedestrians on a public sidewalk. The duty as to platform is that of ordinary care (Belts v. Buffalo, R. & P. Ry. Co., 222 N. Y. 433; Palmer v. Pennsylvania Co., 111 N. Y. 488; McLean v. Triboro Coach Corp., 302 N. Y. 49). It was also error, in the absence of medical testimony, to instruct the jury that they might consider pain and suffering that plaintiff wife was “ likely to endure ”. Additionally, the testimony of plaintiff husband that on the day preceding the accident he saw the “ jelly spot ” on which his wife claims to have slipped was too pat to be worthy of belief. (Cf. Bottalico v. City of New York, 281 App. Div. 339.) Under all the circumstances, the verdict was properly set aside.
Concur — Pette, Hart and Brown, JJ.
Order affirmed, etc.