CARROLL, CHAS., Chief Judge.
This appeal, by plaintiff below, is from a summary judgment for defendants in an action for damages for personal injuries.
From the pleadings, admissions, answers to interrogatories and an affidavit, the court had before it the followings facts.
Defendants, carriers, were transporting certain race horses by a semi-trailer van driven by their employee. The plaintiff was a passenger in the capacity of a groom or attendant, hired by the horse owner to care for the horses, and his presence there was required by the defendants.[1]
The plaintiff charged the defendants with negligence in two respects. He alleged that the truck was swerved suddenly across the road with the result that the door came open and he was thrown through the door onto the road. He also alleged that the latch on the door was defective or was improperly secured, with the result that the door opened and he fell through. Plaintiff’s affidavit supplemented those allegations. He said that while the truck was in motion, it suddenly swerved across the road, causing the door of the trailer to open and throwing him, from a standing posiiton near the middle of the van, out through the open door to the road. The defendants’ answer denied the allegations of negligence, and included a plea or defense of contributory negligence. In answers to requests for admissions and to interrogatories defendants denied that the door lock was defective; denied that the driver swerved the truck; and maintained that he drove it in a straight and careful manner.
*66 With those substantial and material issues established, relating to simple negligence, the court granted the defendants’ motion for summary judgment, on the ground that the evidence did not meet the gross negligence standard required for recovery by a guest passenger under the guest statute. § 320.59, Fla.Stat., F.S.A.[2]
In holding that the groom who was riding in the truck as an attendant to care for the horses was in the status of a guest passenger who could recover only for gross negligence, the learned trial judge was in error. The guest statute was not applicable on these facts.
One who is a passenger for the mutual benefit of himself and the owner or operator of the vehicle through the negligent use of which he is injured, is not a guest passenger under the statute. Sproule v. Nelson, Fla.1955, 81 So.2d 478; Sullivan v. Stock, Fla.App.1957, 98 So.2d 507; Miller v. Morse Auto Rentals, Fla.App.1958, 106 So.2d 204. That principle has been applied to attendants who were transported by a carrier without charge as necessary to assist in the transportation of freight or animals. Lerma v. Flores, 16 Cal.App.2d 128, 60 P.2d 546; Rogers v. Price, 117 Kan. 181, 230 P. 1047; Nichols v. Rougeau, 284 Mass, 371, 187 N.E. 710; Hansen v. Lawrence, 149 Neb. 26, 30 N.W.2d 63; Russell v. Pilger, 113 Vt. 537, 37 A.2d 403. See Miller v. Miller, 395 Ill. 273, 69 N.E.2d 878; and Annotation, 59 A.L.R.2d 336, 353-356, 357-359.[3] Such an attendant or groom is acting in the mutual interest of himself, if he is the owner of the cargo, or of himself and his employer who owns it, and also in the interest of the carrier who either requires such a groom to be supplied by the owner or otherwise must furnish an attendant to care for such cargo.
The carrier in this case recognized the need to have the horses attended en route, and required that the owner have an attendant for that purpose. That the attendant’s presence on the journey was of mutual benefit to the owner of the horses, to himself as the owner’s agent and employee, and to the carrier alike, is plain.
Appended to the bill of lading or contract between the carrier and the shipper there was an “Attendants’ Contract” which is set out in the margin.[4] Appellees, in their brief, argue that this “Attendants’ Contract” shows the presence of the attendant was solely in the interest of the shipper and was in no wise for the benefit or in the in *67 terest of the carrier. We are unable to read such meaning into the agreement in question.
The facts of this case bring it within the mutual benefit rule thus declared in Sproule v. Nelson, supra; Sullivan v. Stock, supra; and Miller v. Morse Auto Rentals, supra.[5]
The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HORTON, J., and BARNS, PAUL D„ Associate Judge, concur.

. The contract of carriage included the following provisions:
“Section 2: The Carrier’s charges do not include the loading, unloading, handling, feeding, watering and other care of animals. Shipments of livestock must be accompanied by one or more attendants acting as the employees or agents of the Shipper and it shall be the duty and responsibility of such attendants to care for, load and unload the animals. The Carrier shall be responsible only for the actual transportation thereof.
“Section 3: Attendants will he transported free, together with their beds, bedding and baggage, but in consideration of such free transportation the Carrier shall not be responsible, other than as a private carrier, for any personal injury or death to said attendants or loss of or damage to their belongings. Attendants must ride in the body of the vehicle where they may readily care for the shipment at all times.”

. In the summary judgment the trial court said: “ * * * it further appearing to this court, and it being admitted by the plaintiff’s attorney, that the negligence charged to the defendant by the plaintiff in his pleadings, affidavit and answers to interrogatories does not constitute gross negligence or willful or wanton misconduct in the.part of the defendant, in accordance with the terms of Section 320.-59 of the Florida Statutes, and it therefore appearing to this court that the defendant is not liable for the plaintiff’s injuries herein, * *

. The Miller case though relied on by the appellee recognized and stated the general proposition that “if the carriage tends to promote mutual interest of both the person carried and the driver,” (at 69 N.E.2d 883) the guest statute is not applicable. The court then found (at page 885) a lack of the requisite mutual interest on the facts there presented and applied the guest statute.

.The “Attendants’ Contract” provided as follows: “In consideration of the free transportation of the undersigned upon the same vehicle wherein animals referred to in the foregoing Bill-of Lading are transported, which said animals are to be under the full care and charge of the undersigned, said free transportation being at the request of the undersigned, it is hereby agreed by each signatory hereto that said Carrier is and shall be liable only as a private carrier for any personal injury, death, or loss or damage to the belongings of said signatories. Each of the undersigned hereby agrees to indemnify and save harmless the Carrier from any and all claims, liabilities and demands of any and every nature arising out of any personal injury or death, or loss or damage of any and every kind or nature sustained while in, upon or about the vehicle of the Carrier or incurred while acting as attendant for the aforementioned animals.”

. Applying the principle of judicial parsimony we omit discussion of the rule involved in the “Drovers” cases (see e. g. 10 Am.Jur., Carriers, § 1153) dealing with whether the carrier is relieved of the high degree of care owed to passengers for hire because of the contract terms as related to a free traveling employed attendant, as we do not consider that question essential to our decision on this appeal.