HORTON, Chief Judge.
Pursuant to an order of this court, dated May 20, 1959, these appeals were consolidated.
These actions were for damages for personal injuries growing out of a rear end automobile collision in which the appellee Mansfield was a passenger in an automobile operated by appellee Standley, when appellant’s automobile struck it from the rear. Both appellees suffered what are commonly referred to as “whip lash” injuries.
These actions were tried before the court without a jury and resulted in awards of $35,000 to Mrs. Standley, $3,000 to Mr. Standley, and $17,000 to Mrs. Mansfield. The appeals are from the judgments entered on the awards.
The appellant has filed a total of 102 assignments of error under which she poses seven questions seeking reversal of the judgments appealed. Basically, the appellant makes two contentions, i. e., (1) that the evidence is insufficient to support the judgment for the appellee Mansfield and the amount of the award is so grossly disproportionate to the injuries sustained as to shock the judicial conscience; and (2) that the awards to appellees Standley are against the manifest weight of the evidence, are grossly excessive and demonstrate an inconsistency between themselves such as to indicate a misapplication of the law by the trial judge. These questions dealt with damages rather than liability.
These contentions of the appellant require a consideration of the medical testimony adduced as well as evidence offered to substantiate the charges for medical services rendered the appellees. Both appellees were treated by Dr. Lyons for the injuries, allegedly resulting from the rear end collision. However, the appellee Standley was referred by Dr. Lyons to a neurosurgeon for examination. Upon examination by the neurosurgeon, it was suggested that Mrs. Standley continue treatments with Dr. Lyons. However, several months later, Mrs. Standley returned to the neurosurgeon with complaints of pain and upon examination was hospitalized for one week. Less than a. month after her discharge, Mrs. Standley was involved in a second automobile accident resulting in hospitalization for approximately one month, during which time a myelogram was done which disclosed *57 •a cervical filling defect and surgery was thereafter performed to alleviate nerve pressure occasioned by a callus formation ■described as a “hard disc.”
The appellant argues that since the medical bills admitted in evidence to-talled in excess of $5,300, a judgment for Mr. Standley in the sum of $3,000 is unrealistic and inconsistent. This argument assumes that the trial judge, by awarding only $3,000 in the face of $5,300 in medical bills, must of necessity have disregarded that portion of the medical bills incurred after the second accident as having no causal relation to the first accident. Upon this premise, the appellant then reasons that the award of $35,000 to Mrs. Standley must fall because the greater portion of her disability (both present and future) was occasioned by the second accident. This syllogistic process of reasoning assumes a premise for which we are unable to find a basis in this record. Upon this record, it would be equally as plausible to conclude that the trial judge rejected portions of the medical expenses as being beyond the realm of necessity when viewed in the light of the injuries sustained. What may have been in the mind of the trial judge at the time of the award that occasioned his obvious rejection of a portion of the medical expenses is not in issue. The question is, was there sufficient evidence in the record to support the judgment rendered ? We conclude there was. It ill becomes an appellate court, upon the state of a record such as this, to substitute its judgment for that of a trial judge whom both parties have consented should sit in the place and stead of a jury.
 In examining this record and considering the points raised, we are constrained to observe that the trial judge was faced with the same dilemma that confronts every jury in a negligence action; that is, to resolve conflicts, judge the credibility of the witnesses, weigh the evidence and apply the appropriaie law to the facts as he finds them. As the Supreme Court of Florida, in Sproule v. Nelson, Fla.1955, 81 So.2d 478, 481, so pointedly observed:
“There is an element of speculation in most personal injury verdicts, but this is a matter for jury discretion. The court may review their discretion but not the amount awarded unless shown to be clearly arbitrary. * * [Emphasis supplied.]
A delineation of the evidence upon which we conclude that the judgments appealed should be affirmed is unnecessary and would unduly lengthen this opinion. Suffice it to say that we have considered each of the contentions advanced by the appellant, carefully perused the evidence and testimony adduced at the trial and fail to find wherein the awards are arbitrary, or unsupported by the manifest weight of the evidence. It follows that the judgments appealed should be and are hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.