SHANNON, Judge.
The appellant, plaintiff below, has appealed from a summary judgment entered against him in a tort action below. The plaintiff was engaged in operating a store and renting apartments. The defendant was a carpenter and contractor and was, at the time of the accident, interested in *136 doing work on a remodeling job for Tillman. Tillman had been unsuccessful in getting a loan and on the day in question McLeod, driving his own automobile, picked up Tillman and was driving him to see another lender, who McLeod had recommended, when the McLeod car collided with a car driven by a third party. Tillman was injured and brought the suit.
The question to be decided was whether or not Tillman was a guest. He took the position in the lower court that he was not a guest and that it was necessary for him only to prove simple negligence. On the other hand, the defendant maintained that he was a guest and that it was necessary for Tillman to prove that McLeod was guilty of gross negligence or wilful and wanton misconduct. The lower court held that Tillman was a guest under the Florida Guest Statute and entered a summary judgment against him. Under 320.59, Fla.Stat., F.S.A., the pertinent section of the Guest Statute reads as follows:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * ' *
The definition of “guest” under this or similar statutes has been the subject of a great deal of litigation and legal writing. In 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2292, the author states:
“One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incident to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments. * * * ”
Of like import is the section on Automobiles and Highway Traffic, 5A Am.Jur., § 514, where it is said:
“A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver, and who accepts such hospitality and takes a ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver other than the mere pleasure of his company. A person riding in a motor vehicle is a guest if his carriage confers a benefit only upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like as a mere gratuity. However, if his carriage contributes such tangible ' and substantial benefits as to promote the mutual interest of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or business purpose of the owner or operator, he is not a guest. * * *" (Emphasis added.)
The mutual benefit rule under the Guest Statute is well established in Florida. This is a doctrine which provides that one *137 who is a passenger for the mutual benefit of himself and the owner or operator of the vehicle is not a guest under the statute. See Montana v. Gorp, Fla.App.1959, 108 So.2d 64; and Sproule v. Nelson, Fla.1955, 81 So.2d 478. In applying this rule each case must be governed by its own facts, but several of the Florida cases provide interesting guide posts as to what constitutes a mutual benefit.
This court, in Sullivan v. Stock, Fla.App. 1957, 98 So.2d 507, 510, decided the question on a fact situation quite similar to the present one. Judge Kanner, in writing the opinion for the Court, said:
“So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commercial transactions * * *.
“In the instant case the mission was to procure a loan of money for appel-lee. Thus the journey, made at the request of appellee, was not simply for a ride but was incidental to the main purpose, that of procuring a loan for the appellee. The loan was effectuated through the valuable aid of the appellant, who recommended it and guaranteed payment, and was for the sole and material benefit of appellee.”'
While the facts in the Sullivan case differed a little from those in the present case, the legal principle involved is identical, and therefore in following the Sullivan case, we must reverse.
Reversed.
ALLEN, C. J., and SAULS, RICHARD, Associate Judge, concur.