William T. Cowin, J.
This is a negligence action tried without a jury.
On July 28, 1956 the plaintiffs were returning from a trip to Florida, as occupants of an automobile being driven by the defendant Joseph Ferino, since deceased, and owned by the defendant Josephine Ferino, his widow. The evidence discloses that defendants’ car, while traveling on a wet road at Fort Pierce, Florida, at a rate of speed of 30 to 35 miles an hour, struck a stationary automobile. As a result of this unfortunate occurrence, the plaintiffs were injured.
At the trial, the action was discontinued against Joseph Ferino, the driver.
The following six causes of action were stated in the complaint: Carmine Masone, as guardian ad litem, for injuries sustained by his infant daughter Beverly, age 13 at the time of the accident; Bella Masone, an adult, for injuries sustained by her; John Corba, as guardian ad litem, for injuries sustained by his infant son Joseph, age 7 at the time of the accident; Carmine Masone for loss or services for his infant daughter *17 Beverly, and for his wife Bella; John Corba, as guardian ad litem, for loss of services of his infant son Joseph.
Prior to their departure, the plaintiff Carmine Masone testified that he had a conversation with the deceased, agent of the defendant, at which it was agreed that he (Masone) would pay one half of all the expenses of the automobile trip to Florida and return, including gas, oil, food and lodging, providing he, his wife Bella and his infant daughter Beverly were taken along. The infant plaintiff John Corba was taken along by the Ferinos. Carmine Masone further testified that each evening while on the trip, he paid one half of said expenses to the deceased.
The defendant Josephine Ferino, the owner of the car, called as a witness on behalf of the plaintiffs, stated she was present at the conversation, agreed to the terms and saw the moneys paid each evening.
The defendants’ counsel objected that all this testimony was inadmissible under section 347 of the Civil Practice Act. The court reserved decision, admitted all the testimony and agreed to strike out all the testimony if the section applied.
The testimony of Carmine Masone concerning the transaction with the defendants’ deceased agent is admissible. (Warth v. Kastriner, 114 App. Div. 766; McCarthy v. Stanley, 151 App. Div. 358; Jones v. Maloney, 277 N. Y. 437; Matter of Valente, 18 Misc 2d 701.)
The defendant Josephine Ferino, called as a witness by the plaintiff, testified not in her own interest but against it. Her testimony is admissible. (Matter of Anna, 248 N. Y. 421; Matter of Meltzer, 244 App. Div. 847.)
The substantive rights of the parties are governed by the law of the State of Florida, where the accident occurred. (Poplar v. Bourjois, Inc., 298 N. Y. 62, 66; Restatement, Conflict of Laws, §§ 384, 391, 401.)
Section 1 of chapter 18033 of the Florida Acts of 1937 (Florida Stat. Ann., § 320.59, commonly known as the “ guest statute ”) reads in part as follows: “ Section 1. No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment of such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle ”.
The defendant contends that the plaintiffs were guests under the guest statute and cannot recover unless gross negligence is proved. Research by counsel and the court has failed to disclose *18 any reported Florida cases involving this particular set of facts. The question, therefore, is whether sharing expenses pursuant to a prearranged agreement is payment within the Florida statute. The purpose of the Florida Legislature in passing this act was to prevent ‘ ‘ the recovery by a free-rider, whether invitee or ‘ hitch-hiker, ’ for ordinary negligence of a driver ’ ’. (Koger v. Hollahan, 144 Fla. 779, 783 [1940].) Therefore, ‘ ‘ the guest statute applies to riders taken by the carrier as a gratuity. When compensation moves from the carried to the carrier, there is no area for the operation of the guest statute. ’ ’ (Cormier v. Williams, 148 Fla. 201, 205 [1941].)
The defendants submit that McDougald v. Couey (150 Fla. 748 [1942]) and Yokom v. Rodriguez (41 So. 2d 446 [Fla., 1949]) are authorities for the proposition that sharing expenses does not .take the passenger out of the guest statute. An analysis of the facts in these cases is germane.
In McDougald v. Couey (supra) the defendant was going on a trip and the plaintiff asked to go along. They had been friends for many years. The plaintiff agreed to “ put in fifty cents worth of gas,” although “ he didn’t have to do it.” On this set of facts, the court stated (pp. 752-753) “It is evident to us that when the plaintiff contributed a small sum towards the gasoline, which would be consumed in operating the car a distance of approximately forty miles it was but a gesture of a person who did not wish to impose upon his companion’s generosity ”.
In Yokom v. Rodriguez (supra, p. 448), the court stated, “Appellant, a woman, importuned [the defendant], a male acquaintance, to take her in his automobile [from a point in Florida] to Punta Gorda, Florida, and at the same time offered to pay for the gasoline, oil and other expenses of the operation of the motor vehicle * * * Even in this modern age of equality between the sexes, chivalry is not dead and surely courtesy is not merely a relic of by-gone days. The transportation of the appellant by the appellee was simply an act of graciousness. Under such circumstances the appellant was not a paying passenger but was in the category of a guest.”
But in each case, the court was careful to note that the transportation was supplied as an act of “ graciousness ” or “ generosity.”
Such rulings are in accord with the view that if the plaintiff’s carriage confers no other benefit except such as is incidental to hospitality, companionship, social relations or the like, the passenger is a guest within the statute. (Sullivan v. Stock, 98 So. 2d 507 [Fla., 1957] ; 4 Blashfield, Cyclopedia of Automo *19 bile Law and Practice [Perm, ed.], § 2292; 5A Am. Jur., Automobiles and Highway Traffic, § 514, pp. 552-553.)
However, it is significant to note that in McDougald v. Couey (supra) the court’s dicta indicated that had the arrangement been contractual, a different result would have followed. In fact, it cited with approval the case of Kerstetter v. Elfman (327 Pa. 17 [1937]) in which a prearranged agreement to share expenses was held sufficient to take the passenger out of the guest statute.
The Florida Supreme Court has held that the guest statute is to be strictly construed as in derogation of the common law. (Summersett v. Linkroum, 44 So. 2d 662 [Fla., 1950].)
In recent years the Florida courts have created a number of exceptions to the Florida statute. The general rule has developed that “ if his [the passenger’s] carriage tends to the promotion of mutual interest of both himself and the driver and operates for their common benefit * * * he is not a
guest.” (Peery v. Mershon, 149 Fla. 351, 359 [1942], where the plaintiff was the servant of the defendant owner; Sproule v. Nelson, 81 So. 2d 478 [1955], where the plaintiff was an aeroplane mechanic, not being an employee of the defendant but riding in the defendant’s fuel truck; Montana v. Gorp, 108 So. 2d 64 [1959], where the plaintiff was a groom driven by a race horse carrier; Tillman v. McLeod, 124 So. 2d 135 [1960], where the plaintiff was a property owner, and driven by the defendant contractor for an improvement loan. Note 14 U. Fla. L. Rev. 194 [1961].)
This court has considered the following factors in deciding the present case: First, the intent of the Florida Legislature in passing the guest statute; secondly, the dicta in McDougald v. Couey (supra); and finally, the recent liberal application by the Florida courts of the mutual benefit or interest theory, to free litigants from the guest statutes.
In light of these considerations, the court decides that Beverly Masone and Bella Masone were paying passengers under a prearranged agreement of mutual benefit to both parties, and, therefore, do not come within the purview of the statute and must prove only ordinary negligence. (Teders v. Rothermel, 205 Minn. 470 [1939], where the Florida guest statute was similarly construed.)
This court’s conclusion is in accord with the weight of authority that a passenger who shares expenses pursuant to a prearranged agreement is not a guest within the purview of a guest statute. (Smith v. Clute, 277 N. Y. 407, a vacation trip with expenses divided; Miller v. Fairley, 141 Ohio St. 327, *20 agreement to pay 20 cents a day for riding; Huebotter v. Follett, 27 Cal. 2d 765, riding sharing agreement; Coerver v. Haab, 23 Wn. 2d 481, share the ride arrangement; Dirksmeyer v. Barnes, 2 Ill. App. 2d 496, payment for transportation to work; Johnson v. Kolovos, 224 Ore. 266, share the ride arrangement.)
The plaintiff Joseph Corba at the time of the accident was 7 years of age. He was brought along by the Ferinos and no evidence was adduced that any payment was made on his behalf. The question presented is whether an infant of 7 years of age can be a guest under the Florida guest statute. Again, no Florida cases are available, but there is authority in other jurisdictions. The statute implies that in order to become a guest, the person must exercise a choice. The statute should not be construed to say that children of tender age are bound by the same rules as adults who have the knowledge, ability and mentality to contract for transportation or object thereto.
Since the statute is in derogation of the common law and should be strictly construed, cases should not be included unless it clearly appears that such was the intent of the Legislature. This infant is a ward of the court. To embrace within the purview of the Florida statute a child of such tender age, who was taken as a passenger in a car, would do violence to the intent of the Florida Legislature. To refuse him recovery, where the defendant was negligent, not only jars the conscience of this court but violates the humane principles upon which justice is founded. (Green v. Jones, 136 Col. 512, an infant 2 years of age; Kudrna v. Adamski, 188 Ore. 396, an infant 4 years of age; Rocha v. Hulen, 6 Cal. App. 2d 245, an infant 5 years of age; Fuller v. Thrun, 109 Ind. App. 407, an infant 6 years of age.)
The court holds that the defendants were guilty of ordinary negligence as defined by the Florida courts. (Bridges v. Speer, 79 So. 2d 679 [Fla., 1955]; Carraway v. Revell, 116 So. 2d 16 [Fla., 1959].)
The court further finds that the plaintiffs Beverly Masone, Bella Masone and Joseph Corba were not guilty of contributory negligence.
No medical evidence was adduced at the trial. Under this set of facts, the court cannot consider an award for permanent injuries. (Feinstein v. New York City Tr. Auth., 17 Misc 2d 45, 56.)
The court awards judgment to Carmine Masone, as guardian ad litem for Beverly Masone, an infant, on the first cause of action; to Bella Masone, on the second cause of action; to Carmine Masone, for loss of services of his wife Bella on the *21 fourth cause of action; to John Corba, as guardian ad litem for the infant Joseph Corba on the fifth cause of action.
The court dismisses the third and sixth causes of action for loss of services of Beverly Masone, age 13 at the time of the accident, and Joseph Corba, age 7 at the time of the accident, respectively, for the reason that no proof was made of the loss of such services. See order for the amounts of the respective awards.