HENDRY, Judge.
This is an appeal by the defendant-driver from an adverse final judgment entered pursuant to a jury verdict in favor of the plaintiff-passenger. No evidence of gross negligence on the part of the defendant-driver was offered by the plaintiff. The trial judge denied the defendant’s motion for a directed verdict at the conclusion of the plaintiff’s case and again after all the testimony had been taken. The case was submitted to the jury on the issue of simple negligence only, based upon the trial judge’s conclusion that the plaintiff was not a guest of the defendant as a matter of law.
We hold that the trial court erred in ruling that the guest statute, § 320.59, Fla.Stat., F.S.A., did not apply under the facts adduced. Since there was no evidence of gross negligence submitted, we conclude that a directed verdict should have been granted in favor of the defendant.
The testimony reveals that the plaintiff was injured while the parties were en route to Orlando in search of employment. Both parties are carpenters and were unemployed at the time. The plaintiff suggested to the defendant that they go to Orlando in search of work and further suggested that the defendant use his car because it was newer than plaintiff’s. The parties were friends since 1948 and had no agreement regarding the sharing of expenses. It was assumed that plaintiff would pay a fair share of the gas money and he did in fact buy a tank of gas en route. On a previous occasion, when the parties had driven to Orlando looking for work, the plaintiff drove his car and each party paid a fair share of the expenses. The plaintiff knew the route to Orlando and the defendant relied upon him for directions.
It is the plaintiff’s contention that these facts bring the case within the mutual benefit exception[1] to the guest statute in that the purpose of the trip was to find employment for both parties and the defendant was dependent upon the plaintiff for directions. The plaintiff urges that he was thereby relieved of the need to prove gross negligence. We find this contention to be without merit.
In Roberts v. Braynon, Fla.1956, 90 So. 2d 623, our Supreme Court affirmed a summary final judgment in favor of the defendant-driver upon a complaint alleging simple negligence. In the Roberts case, the plaintiff was accompanying the defendant-driver for the dual purpose of making an airplane reservation for the plaintiff’s return to New York, at the Eastern Airlines ticket office, and taking some laundry belonging to defendant to a self-service laundry. The defendant had been placed in temporary custody of two small children who accompanied the parties in the automobile. The defendant had planned to have the plaintiff watch the children while she was busy in the laundry. The accident occurred while the parties were en-route to the ticket office. The plaintiff contended that these facts made the trip a joint enterprise wherein she, by performing and promising to perform functions incident to the care of the children, participated to such an extent that the guest statute became inapplicable.
The court found that the function performed by the plaintiff was a matter of convenience which could not be regarded as consideration for her transportation to the airline ticket office.
In our case, the fact that the plaintiff gave directions to the defendant can no more be regarded as consideration for his transportation than the function of caring for the children by the plaintiff in the Roberts case, supra. In Both cases, the service which the plaintiff was to perform was not the motivating consideration for the offer of transportation.
*333 Further, in the instant case the trip was made at the plaintiff’s suggestion and for his own benefit. While the defendant also benefited by the presence of the plaintiff, this benefit was only incidental, remote and vague. It cannot be considered, under these facts, a sufficiently real and tangible benefit to the defendant so as to classify it as the inducing cause of the transportation.[2]
Accordingly, the final judgment appealed is reversed and the cause is remanded for the entry of a final judgment in favor of the defendant.
Reversed and remanded.

. See Sproule v. Nelson, Fla.1955, 81 So. 2d 478; Peery v. Mershon, 149 Fla. 351, 5 So.2d 694; Tillman v. McLeod, Fla.App. 1960, 124 So.2d 135; Sullivan v. Stock, Fla.App.1937, 98 So.2d 507.

. See Yokom v. Rodriguez, Fla.1949, 41 So.2d 446; England v. Stauffer, Fla.App. 1962, 145 So.2d 545; Master v. Horowitz, 237 App.Div. 237, 261 N.Y.S. 722 (1932).