STURGIS, Chief Judge.
Hertz Rental Company, defendant below, brings this appeal to review a judgment for plaintiffs, Mr. and Mrs. Pitts, entered *438 pursuant to verdict of the jury in a negligence action growing out of an automobile accident in which Mrs. Pitts, a passenger in an automobile leased by one Plarvey Edward Holliman from Hertz Rental Company and operated by him at the time of the accident, received bodily injuries. The judgment is affirmed.
Plarvey Edward Holliman, a co-defendant who makes no appearance on this appeal, leased an automobile from defendant Hertz Rental Company. He drove it on a social outing to the beach at Panama- City and was accompanied by his wife and by plaintiff Dorothy Pitts and one Judy Tin-dall. While at the beach Holliman’s wife suddenly became ill, whereupon with the assistance of the plaintiff and Judy Tindall, she was placed in said automobile and all set off, her husband driving, to take her to a doctor. The plaintiff and Judy Tindall went along at Mr. Holliman’s request and en route administered to Mrs. Holliman who from time to time was losing consciousness. Mr. Holliman was patently in a nervous state over her condition and on this mission drove the automobile in excess of the speed limit, to the extent that the plaintiff on several occasions asked him to reduce his speed, but he did not do so.
On at least two occasions Mrs. Pitts had a clear opportunity to remove herself from the automobile: once at a gas station where Mr. Holliman vainly telephoned ahead for a police escort to lead the way to the Panama City hospital, and again when he stopped in order to transfer his wife, who was faint, to the back seat where she then rode with Judy Tindall, Mrs. Pitts continuing on the journey in the front at the right of Mr. Holliman who continued in an obviously nervous state and drove at a rate of speed exceeding the speed limit. While so proceeding they came to an intersection with a red traffic light which he ignored, with the result that a collision occurred between his car and another in the intersection and Mrs. Pitts suffered injuries for which she sought redress.
The complaint is in four counts. Count I charges that the alleged injuries to Mrs, Pitts were occasioned by simple negligence-on the part of the driver. Count II details, facts that are alleged to constitute gross, negligence proximately resulting in said' injuries. Count III alleged damages to. the co-plaintiff, Mrs. Pitts’ husband, as a. result of simple negligence on the part of the driver. Count IV alleged damages-to Mr. Pitts as a result of gross negligence on the part of the driver. The second and fourth counts tendering an issue of gross negligence were obviously designed to be relied upon in the event it became necessary for the plaintiffs to establish that degree of negligence as a basis for recovery, and' were in fact stated as alternatives to the first and third counts, respectively.
Appellant’s answer, the sufficiency which was not assailed, presented the following defenses, in substance: 1. That it was not liable as charged. 2. That the-driver of its automobile was not guilty of such gross negligence as to render it liable to plaintiffs. This defense assumes, course, that it was incumbent on plaintiffs to establish gross negligence. 3. . That Mrs. Pitts assumed the risk of the resulting injury by acompanying Mr. Holliman on the trip with his ill wife in that she' knew his condition to be such as to impair his ability to safely operate and control the automobile. 4. That Mrs. Pitts assumed the risk of injury in that after becoming advised of the driver’s nervous state of mind and after he had refused, following her request, to reduce the speed of the automobile, she had an opportunity to remove herself therefrom but failed to do so. 5. That the failure of Mrs. Pitts under the circumstances to leave the automobile was contributory negligence on her part and precluded recovery. 6. That Mrs. Pitts was a guest passenger in said automobile and the driver was not guilty of gross negligence in the operation thereof.
The court ruled, as a matter of law, that plaintiff Dorothy Pitts was a licensee of the defendant driver, whose negligence- is *439 imputable to the appellant owner, and that simple negligence rather than gross negligence governed the question of liability. The jury returned a verdict of $16,500.00 for plaintiff Dorothy Pitts and of $1,000.00 for plaintiff James E. Pitts. Motion for new trial was denied and judgment was entered, hence this appeal.
Appellant presents and argues three points of law for determination by this court. It first contends that the trial court erred in ruling as a matter of law that at the time of the accident plaintiff Dorothy Pitts was a licensee rather than a guest passenger in the automobile of the appellant, thereby withdrawing from the jury the question of her status. The effect of this ruling was to submit the question of liability to the jury on the premise that plaintiffs were only required to establish simple negligence on the part of the driver.
 The evidence relating to the status of Mrs. Pitts as an occupant of appellant’s automobile at the time of the accident is clear and convincing. It admits of no conclusion other than that she was in fact a licensee, rather than a guest passenger. The social attributes that governed her status prior to the time that at the request of Mr. Holliman she accompanied him on the mission to take his wife to the hospital were completely interrupted and changed by the emergency of Mrs. Holli-man’s illness and the transactions resulting therefrom. It is undisputed that Mrs. Pitts went along at Mr. Holliman’s request for the sole purpose of rendering Mrs. Holli-man such assistance as she could in that emergency. The guest statute does not apply where the transportation is solely for the benefit of the operator or owner of the car, or for the mutual benefit of the operator or owner and the passenger. Tillman v. McLeod, 124 So.2d 135 (Fla.App.1960); Berne v. Peterson, 113 So.2d 718 (Fla.App.1959); Montana v. Gorp, 108 So.2d 64 (Fla.App.1959); Miller v. Morse Auto-Rentals, 106 So.2d 204 (Fla.App.1958); Sullivan v. Stock, 98 So.2d 507 (Fla.App. 1957); Roberts v. Braynon, 90 So.2d 623 (Fla.1956); Sproule v. Nelson, 81 So.2d 478, 76 A.L.R.2d 1066 (Fla.1955); Handsel v. Handsel, 72 So.2d 813 (Fla.1954); Peery v. Mershon, 149 Fla. 351, 5 So.2d 694 (1942); 14 Univ. of Fla.Law Rev. 195, et seq.; 4 Blashfield, Encyclopedia of Automobile Law and Practice, Sec. 2292; 10 A.L.R.2d 1362, et seq.; 59 A.L.R.2d 336, et seq.
We will not labor the fact that Mrs. Pitts’ presence in the automobile at the time of the accident was solely for the primary benefit of the operator, Mr. Holli-man. There is no competent evidence to the contrary. It is not necessary, in order to take the transaction out of the guest statute, that there be a commercial transaction between the passenger and the driver or owner. Under the circumstances of this case, the jury was justified in finding that there was no duty on the part of Mrs. Pitts to quit the automobile on either of the two occasions when she might have done so. We will not visit on the Good Samaritan the harsh rule insisted on by appellant, and we find no merit in its first contention.
Appellant next contends that the trial court erred in refusing to grant its motion for a directed verdict. It is appellant’s position that the proofs conclusively show that Mrs. Pitts was guilty of contributory negligence and/or assumption of risk as a matter of law. It is true that Mr. Holliman was excited, that he operated the automobile at a high rate of speed, and that prior to the occasions when he stopped Mrs. Pitts had asked him to slow down, which he failed to do. It is also true that at two of the stops she got out of the car and voluntarily reentered to continue the trip. Nevertheless, the question of whether she was contributorily negligent or assumed the risk was for the jury to determine under all the facts and circumstances of the case, and we find no reason to disturb its verdict. We have considered Smart v. Masker, 113 So.2d 414 (Fla.App.1959), cited by appellants. *440 The facts in that case do not correspond with the critical facts in the case on review.
Finally, the appellant challenges as error the refusal of the trial court to give three of its requésted charges to the jury. Our examination of the entire charges given reveals that the jury was adequately charged with the applicable law governing each of the matters sought to be covered by appellant’s subject charges and it was not error to deny the same.
Finding no error, the judgment appealed is
Affirmed.
WIGGINTON, J., and MURPHREE, JOHN A. H., Associate Judge, concur.