SWANN, Judge.
The appellant, plaintiff below, appeals from a summary final judgment for the defendants.
Plaintiff’s complaint states that he was injured while a passenger in an automobile owned by defendant, Elíseo Gomez, and operated by defendant, Georgina Gomez, in a negligent and/or grossly negligent manner.
The allegations, essentially, were that the motor vehicle was driven at a high rate of speed on the improper side of a heavily travelled street, with a total disregard for *580 the movement of traffic, and collided with a tree when it suddenly veered across the street.
An answer was filed denying the essential allegations of the complaint. Thereafter, depositions and interrogatories were propounded to the parties and witnesses, and both parties moved for a summary final judgment. The trial court entered a summary final judgment in favor of the defendants.
Under the factual situation in the case, the trial court, by granting the summary final judgment, impliedly held that the "Guest Statute”, Section 320.59, Florida Statutes, F.S.A., was applicable, and that the evidence was insufficient upon which to base a finding of gross negligence. Section 320.59 provides:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
The question before this court is whether the trial court erred in holding as a matter of law that the plaintiff was a guest in the automobile driven by defendant.
The depositions and interrogatories indicate that the specific and only purpose for plaintiff’s presence in the car was to ride with Georgina Gomez to work and to return the car to defendant’s home. Also, the record, as it stands, indicates that the motivating purpose of the transportation herein conferred a specific tangible benefit solely upon the defendant, in that the passenger was to return the car to her home.
The “Guest Statute” does not apply where the motivating purpose of the transportation is solely for the benefit of the operator or owner of the car, or for the mutual benefit of the owner or operator and the passenger. See Sproule v. Nelson, Fla.1955, 81 So.2d 478, 76 A.L.R.2d 1066; Peery v. Mershow, 1942, 149 Fla. 351, 5 So.2d 694; Hertz Rental Co. v. Pitts, Fla.App.1965, 174 So.2d 437 (Opinion filed April 13, 1965, not yet reported); Tillman v. McLeod, Fla.App.1960, 124 So.2d 135; Montana v. Gorp, Fla.App.1959, 108 So.2d 64; Sullivan v. Stock, Fla.App.1957, 98 So.2d 507, and authorities cited therein.
The question of the application of the “Guest Statute” in this cause should be determined at trial.
We hold that it was error to rule, as a matter of law, that the “Guest Statute” applied in this cause at this stage of the action.
The decision is reversed and remanded for action consistent herewith.
Reversed and remanded.