HENDRY, Chief Judge.
This is an appeal by plaintiff from a final judgment entered subsequent to a directed verdict for the defendants in an action for personal injuries which the plaintiff sustained as a result of being struck by an automobile being driven by his daughter.
On the date of the injuries plaintiff-father and defendant-daughter and her husband were residing together in the same household. The accident occurred in the driveway of their home immediately after the father and daughter had returned from a shopping trip to buy some Easter gifts for defendants’ children and plaintiff’s grandchildren. Both parties were desirous of getting these gifts for the children. The daughter had a restricted driver’s license that made it unlawful for her to operate an automobile unless she was accompanied by someone holding an unrestricted license, such as that held by her father. Plaintiff alleges that it was for this reason that he accompanied his daughter on the shopping trip. Neither the father nor the daughter expected to receive or give payment to the other for anything done in connection with the trip. Upon their return home the daughter drove the car into the driveway and her father got out and opened the back door and removed some packages. While he was still standing beside the car with the back door open, the daughter, without warning, backed up the car and caused her father to be struck by the open door.
Plaintiff’s complaint charged only simple negligence and his entire case was presented on that theory. Plaintiff took the position throughout the trial that he was not a guest within the meaning of § 320.59 Fla.Stat., F.S.A. and proof of simple negligence was sufficient to support a recovery.
The defendant’s answer denied all the material allegations of plaintiff’s complaint and by way of affirmative defenses alleged that plaintiff was guilty of contributory negligence and further alleged that plaintiff was a guest within the meaning of the guest statute, § 320.59, supra, which reads in pertinent part as follows:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * *
The cause was tried before a jury and at the close of plaintiff’s case, the trial judge granted defendants’ motion for directed verdict. Plaintiff thereafter moved for a new trial and it was denied.
The trial court, by directing a verdict, impliedly held that the guest statute § 320.-59, supra, was applicable under the facts and no gross negligence having been shown the plaintiff was not entitled to recover as a matter of law.
The point on appeal is whether the trial court erred in directing the jury to return a verdict in favor of the defendants.
Appellant contends that the court erred because there was sufficient evidence adduced at the trial to show that plaintiff was not a guest within the meaning of the guest statute and that there was proof of simple negligence which was sufficient to support a recovery.
Appellant argues that the record shows that the only purpose for plaintiff’s presence in the automoblie driven by his daughter was to accompany her so as to comply with the law in that she held a restricted driver’s license and had to be accompanied by a licensed driver, and the plaintiff was *36 the only such licensed driver available at the time in question, and the purpose of the transportation conferred a special benefit solely upon the defendant driver since she could not have lawfully made the trip without the plaintiff, or in the alternative the trip was made for the mutual benefit of the defendant driver and plaintiff as the passenger, since the plaintiff was desirous of having his daughter comply with the laws of Florida and the defendant driver also wanted to comply with such laws by not violating the restrictions imposed upon her.
The law is well settled, as appellant contends, that the guest statute is not applicable in a situation where the motivating purpose of the transportation is solely for the benefit of the operator or owner of the car, or for the mutual benefit of the owner or operator and the passenger.[1] However, it is also well settled that the guest statute does apply when the motivating purpose of the transportation is “companionship, pleasure, social amenities, hospitality, and the like.”[2]
The law is equally clear that the mere fact that the injured occupant of an automoblie stands in a family relationship to the driver does not exclude the occupant from being a guest nor does it automatically make him one regardless of the circumstances.[3]
The trial court was correct in finding as a matter of law that the plaintiff was a guest within the meaning of the guest statute.[4] Under the facts and circumstances of this case, the only conclusion which can be reached is that the act of the plaintiff was no more than a gratuitous gesture of hospitality, or social amenities, and any benefit as contemplated by the guest statute would be incidental thereto. There being no evidence of gross negligence, the trial court committed no error in directing a verdict for the defendants.
The judgment appealed is affirmed.
Affirmed.

. Berne v. Peterson, Fla.App.1959, 113 So.2d 718 and eases cited.

. Sullivan v. Stock, Fla.App.1957, 98 So. 2d 507; see also: Roberts v. Braynon, Fla.1956, 90 So.2d 623; McGowan v. Wilson, Fla.App.1963, 154 So.2d 331; Smith v. Tatum, 199 Va. 85, 97 S.E. 2d 820 (1957).

. 8 Am.Jur.2d, Automobiles & Highway Traffic, § 482.

. See: Kaplan v. Taub, Fla.App.1958, 104 So.2d 882; LaRue v. Hoffman, Fla.App.1959, 109 So.2d 373; Fleming v. Smart, Fla.App.1963, 153 So.2d 748.