BOARDMAN, Judge.
Plaintiff Frances V. Griesemer, as personal representative of the estate of Anita Lynn Hemby, appeals the trial court’s order awarding a new trial on the issue of damages suffered by Hemby’s estate. We reverse for entry of judgment on the original jury verdict.
Appellant brought a wrongful death action, pursuant to Sections 768.16-768.27, Florida Statutes (1979), against appellees Prathers, Inc. and Aetna Casualty & Surety Company for damages to Hemby’s estate arising out of an accident which occurred on January 17, 1980, in which a motorcycle driven by Hemby was struck by a delivery truck driven by an employee of Prathers, which was insured by Aetna. Hemby died from injuries sustained in the accident, and the jury found Prathers 100% negligent.
At the time of her death, Hemby was twenty-three years old, had been employed for approximately one and a half years by Venice Hospital as a nurse’s aide, and had exhibited above average ability in her work performance. She had demonstrated to her employers both the desire to become a licensed practical nurse (LPN) and the ability to become an LPN or even a registered nurse.
Dr. Thomas D. Curtis, an economist, testified as an expert witness on behalf of the estate that Hemby had a future work life expectancy of an additional 38.8 years if she were to retire at age 62. Hemby’s gross income over her work life, not considering *69 any wage increase, which he stated was ridiculous but the most conservative way to compute, would be $336,997 as an LPN for a net accumulation, after taxes, at a savings rate of 12% per annum, of $37,508. $37,508 reduced by 6% over 40 years would give a present value of $3647.
The jury found the estate’s damages to be $50,000. Appellees filed a motion for new trial on damages to the estate or remit-titur of the estate’s damage award to $7387 (medical and funeral expenses of $3740 plus the $3647 present value of Hemby’s expected estate). The trial court granted the motion and, since appellant objected to the remittitur, ordered a new trial on the issue of damages to Hemby’s estate. This appeal followed timely.
Section 768.18 defines net accumulations as:
Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. If the decedent’s survivors include a surviving spouse or lineal descendants, loss of net accumulations beyond death and reduced to present value may also be recovered.
The trial court’s remittitur was based on a double reduction of appellant’s expert witness’s lowest appraisal of what the net accumulation of Hemby’s estate would have been if she had lived out her natural life expectancy; the remittitur was therefore improper. The court reduced the figure of $37,508 to $3647 by using a 6% interest rate, which Curtis testified was an accurate mathematical calculation. But, as Curtis further testified, this computation did not take inflation into consideration at all.
This court held in Seaboard Coast Line R. Co. v. Garrison, 336 So.2d 423 (Fla. 2d DCA 1976), that it is proper for a jury to take inflation into consideration and that the net accumulation of an estate should be increased by the inflation rate and then reduced by the current interest rate. This is essentially the procedure Curtis followed in arriving at his figure of $37,508.
In other words, it is clear that the figures Curtis used in his testimony were already reduced to today’s dollars, and that these figures represented what Hemby’s real purchasing power for the net accumulation of her estate would likely have been if inflation and an investment increase were removed. Therefore, the trial court should not have reduced these figures a second time.
Our holding in Garrison that inflation should be taken into consideration was approved by the Florida Supreme Court in Bould v. Touchette, 349 So.2d 1181 (Fla.1977). There our supreme court stated that the jury was not legally bound to make a mathematically precise and minimal award and quoted from Garrison as follows:
“[E]ven in the absence of any evidence whatsoever on this matter, we think it likely that juries will consider the impact of future inflation. Inflation has become a fact of life within the experience of everyone. It has continued to a greater or lesser extent throughout most of our lifetimes. Most people have found it necessary to reckon with this in their own financial planning for the future. Certainly injuries [sic], which are drawn from citizens from every walk of life, are aware of the effects of inflation. Quite likely they will be prone to consider it in their attempts to fully compensate a plaintiff.” At 424.
349 So.2d at 1185-1186.
Bould v. Touchette also reaffirmed the well-settled rule that a verdict should not be declared excessive merely because it is above the amount the court itself considers appropriate. Moreover, the jury’s verdict need not track the precise figures proposed by an expert witness. See Florida Standard Jury Instructions in Civil Cases, Instruction 2.2. “The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.” Bould v. Touchette, supra, at 1184-1185; see also Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1977).
*70 We think the $50,000 jury award here is not excessive and was within the range delimited by Curtis’s conservative appraisal, wherein he opined that an appropriate award would be $37,508 for an LPN, the lowest position Hemby was likely to ultimately attain. There being no evidence that the jury was “influenced by passion, prejudice, corruption, or other improper motive,” see Bould v. Touchette, supra, at 1184; Sproule v. Nelson, 81 So.2d 478, 481 (Fla.1955), the trial court erred in overruling the jury’s verdict.
Accordingly, the trial court’s order granting a new trial on damages is REVERSED and the cause REMANDED with directions to enter final judgment in appellant’s favor in accordance with the original jury verdict.
HOBSON, A. C. J., and OTT, J., concur.